**STATE of Indiana, Plaintiff-Appellant,**

v.

**Ronald W. SAPPENFIELD, Connie Sappenfield, Fantasy One, Inc. and Fantasy Two, Inc., Defendants-Appellees.**

**No. 34A02–8603–CR–74.**

Court of Appeals of Indiana,
First District.

March 31, 1987.
Rehearing Denied May 15, 1987.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for plaintiff-appellant.

Richard Kammen, Susan W. Brooks, McClure, McClure & Kammen, Indianapolis, for defendants-appellees.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

The State of Indiana appeals the dismissal of two informations charging the Sappenfields with violation of Indiana Code section 35–45–6–2, Indiana's RICO statute. We reverse.

## FACTS

As a result of an investigation into adult bookstores in Howard County, law enforcement officers purchased several magazines at two stores allegedly owned or operated by Ronald and Connie Sappenfield. The magazines contained graphic photographs of heterosexual and homosexual activity. The Sappenfields were charged with violating Indiana's obscenity statute, Indiana Code section 35–49–1–1 *et seq.* Several Howard County residents examined the magazines and gave verified statements to the effect that the magazines were obscene. The Sappenfields have not been tried or convicted on any of the six allega-

tions of distributing obscene matter. The prosecuting attorney also alleged a pattern of criminal activity arising out of the distribution of the same obscene matter pursuant to the Indiana Corrupt Business Influence statute (RICO), Indiana Code section 35–45–6–2.

On June 4, 1985, the Sappenfields moved to dismiss the two counts based on Indiana's RICO statute arguing RICO was unconstitutionally vague and violative of the 14th Amendment. On September 18, 1985, the trial court found that RICO could not be constitutionally applied to violations of Indiana's obscenity statute. Thereafter, the state perfected this appeal.

## ISSUE

Whether the trial court erred in granting the Sappenfields' motion to dismiss in ruling that Indiana's RICO statute, I.C. § 35–45–6–2, as it applies to a violation of Indiana's obscenity statute, I.C. § 35–49–1–1 *et seq.*, is unconstitutionally vague and violative of the Due Process Clause of the Fourteenth Amendment.

## DISCUSSION AND DECISION

The Indiana RICO statute, as enacted by the legislature in 1980, is essentially patterned after the federal anti-racketeering laws. *See Alvers v. State* (1986), Ind.App., 489 N.E.2d 83, *trans. denied;* 18 U.S.C.A. sections 1961–1968 (West 1984). Indiana Code section 35–45–6–2(a) states:

"A person:

(1) Who has knowingly or intentionally received any proceeds directly or indirectly derived from a pattern of racketeering activity, and who uses or invests those proceeds or the proceeds derived from them to acquire an interest in real property or to establish or to operate an enterprise;

(2) Who through a pattern of racketeering activity, knowingly or intentionally acquires or maintains, either directly or indirectly, an interest in or control of real property or an enterprise; or

(3) Who is employed by or associated with an enterprise, and who knowingly or intentionally conducts or otherwise participates in the activities of that enter-

prise through a pattern of racketeering activity;

commits corrupt business influence, a Class C felony."

" 'Racketeering activity' means to commit, to attempt to commit, or to conspire to commit a violation, or aiding and abetting in a violation" of any of several enumerated predicate offenses, including violation of the obscenity statute. Indiana Code section 35–45–6–1. A "pattern of racketeering activity" means "engaging in at least two [2] incidents of racketeering activity that have the same or similar intent, result, accomplice, victim, or method of commission...." I.C. § 35–45–6–1. The purpose of the federal RICO statute, after which the Indiana statute is patterned, is "to provide new weapons of unprecedented scope for an assault upon organized crime and its economic roots." *Russello v. United States* (1983), 464 U.S. 16, 26, 104 S.Ct. 296, 302, 78 L.Ed.2d 17, 26.

Recently, in a factually similar case, the Indiana Supreme Court addressed the very issue before us today:

"Before addressing the questions certified for interlocutory appeal, we must analyze the issue found by the Court of Appeals to be dispositive, namely whether the RICO/CRRA statutory scheme as it pertains to the predicate offense of obscenity violates the First and Fourteenth Amendments to the United States Constitution. That analysis begins with the proposition that an act of the legislature must be afforded a presumption of constitutionality. *Ruge v. Kovach* (1984), Ind., 467 N.E.2d 673; *Johnson v. St. Vincent Hospital, Inc.* (1980), 273 Ind. 374, 404 N.E.2d 585."

*4447 Corp. v. Goldsmith* (1987), 504 N.E.2d 559, 563.

"Both the federal and Indiana RICO statutes delineate predicate offenses which underlie an allegation of a pattern of racketeering activity. The Indiana RICO statute as originally enacted included obscenity violations as a predicate offense. While the federal RICO statute did not initially contain the predicate offense of obscenity violations, in 1984

Congress amended the statute to include as a predicate offense 'any act ... involving ... dealing in obscene matter ... which is chargeable under State law and punishable by imprisonment for more than one year.' 18 U.S.C.A. § 1961(1)(A) (West Supp.1986). The statute was further amended to include 'any act which is indictable under ... title 18, United States Code ... sections 1461–1465 (relating to obscene matter).' 18 U.S.C.A. § 1961(1)(B) (West Supp.1986).

"Given the clear legislative purpose in enacting these anti-racketeering statutes, that purpose, in the context of alleged obscenity violations, cannot be specifically construed to represent an attempt to restrain the sale or distribution of expressive materials. The legislative attack on racketeering activity is not, as appellants contend, merely a semantic device intended to circumvent well-established First Amendment doctrine.

"Obscenity does not come within the area of constitutionally protected speech or press. *Miller v. California* (1973), 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419; *Roth v. United States* (1957), 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498. Our legislature, as has Congress, has determined that obscenity violations should be one of the underlying offenses which may constitute racketeering activity as defined in the RICO statute. We must take heed of that legislative intent.

"We believe the overall purpose of the RICO statute is as applicable to obsceni-

ty violations as it is to the other enumerated predicate offenses which have no conceivable First Amendment ramifications."

*4447 Corp.*, at 564.

"We hold that the RICO/CRRA statutes as they pertain to the predicate offense of obscenity do not violate the First and Fourteenth Amendments of the United States Constitution."

*Id.* 566. The Supreme Court went on to determine that prior convictions for the underlying offenses are not required to prove a pattern of racketeering activity under I.C. § 35–45–6–2.

In light of this recent supreme court decision, the State's position is clearly correct. Indiana's RICO statute is not unconstitutional as applied to the State's obscenity statute. Therefore, the trial court erred in granting the Sappenfields' motion to dismiss regarding the counts based on the RICO statute.

We therefore reverse the judgment and remand for proceedings consistent with this opinion.

ROBERTSON and NEAL, JJ., concur.