**FORT WAYNE BOOKS, INC.,**
Appellants,

v.

**STATE of Indiana and Stephen M. Sims, Appellees.**

**Ronald W. SAPPENFIELD, et al., Appellants,**

v.

**STATE of Indiana, Appellee.**

Nos. 29S04–8703–CV–270,
34A02–8603–CR–74.

Supreme Court of Indiana.

June 19, 1989.

John H. Weston, David M. Brown, Brown, Weston & Sarno, Beverly Hills, Cal., Franklin I. Miroff, Michael George Ruppert, and Bernard Lowell Pylitt, Indianapolis, for 4447 Corp.

Kenneth Robert Scheibenberger, Fort Wayne, for Fort Wayne Books, Inc.

Richard Kammen and Susan W. Brooks, McClure, McClure & Kammen, Indianapolis, for Sappenfield.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, William Earl Daily, Deputy Attys. Gen., Stephen Goldsmith, Indianapolis, for appellees.

Stephen M. Sims, Fort Wayne, pro se and for appellees.

## ON REMAND BY ORDER OF THE UNITED STATES SUPREME COURT

GIVAN, Justice.

On April 20, 1989, this Court was notified by the Clerk of the United States Supreme Court that certiorari had been granted in the above cases and that these causes were remanded for further proceedings. *See Fort Wayne Books, Inc. v. Indiana, Sappenfield, et al. v. Indiana* (1989), 489 U.S. ——, 109 S.Ct. 916, 103 L.Ed.2d 34.

In *Fort Wayne Books*, this Court had previously granted transfer vacating the opinion of the Court of Appeals and remanding the cause for further proceedings. *4447 Corp. v. Goldsmith* (1987), Ind., 504 N.E.2d 559. In *Sappenfield*, the trial court had found that the Indiana RICO statute could not be constitutionally applied to violations of Indiana's obscenity law. The Court of Appeals reversed that decision and remanded the case for further proceedings. *State v. Sappenfield* (1987), Ind.App., 505 N.E.2d 504. This Court denied transfer in that case. The Supreme Court of the United States affirmed the *Sappenfield* decision and remanded it for further proceedings.

As to *Fort Wayne Books v. Indiana*, the Supreme Court of the United States found that the seizure, based upon probable cause to believe that a RICO violation had occurred, was unconstitutional and that such seizure could not take place until there was a determination that the materials to be seized were in fact obscene or that a RICO violation had occurred. The cause thus was reversed and remanded for further proceedings.

We therefore order *State v. Sappenfield* remanded to the Howard Superior Court for further proceedings. We order *Fort Wayne Books, Inc. v. Indiana* remanded to the Allen Circuit Court for further pro-

ceedings not inconsistent with the opinion of the United States Supreme Court.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.