**STUDIO ART THEATRE OF EVANSVILLE, INCORPORATED, and William Montrose, Plaintiffs–Appellants,**

v.

**CITY OF EVANSVILLE, INDIANA, Art Gann, Chief of Police of the Evansville Police Department, Stanley Levco, Prosecutor of the County of Vanderburgh, Indiana, et al., Defendants–Appellees.**

No. 95–2374.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 1, 1995.

Decided Jan. 31, 1996.

Rehearing and Suggestion for Rehearing En Banc Denied March 22, 1996.

See also, 530 N.E.2d 750.

Theodore Lockyear, James A. Kornblum, Lockyear & Kornblum, Evansville, IN, Lee J. Klein, Okemos, MI, Bradley J. Shafer (argued), Shafer & Associates, Lansing, MI, for Plaintiffs–Appellants.

David Bunner, Evansville, IN, for City of Evansville, Indiana and Art Gann.

Wayne E. Uhl, Janice E. Kreuscher (argued), Office of the Attorney General, Indianapolis, IN, for Stanley Levco, Pamela Carter.

Before CUMMINGS, CUDAHY and FLAUM, Circuit Judges.

CUMMINGS, Circuit Judge.

■ This appeal involves application of issue preclusion (collateral estoppel) and claim preclusion (res judicata) under Indiana law. Studio Art Theatre of Evansville, Indiana, and its president William Montrose filed this suit pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201 alleging that an Indiana statute violated various provisions of the federal Constitution. Studio Art was previously convicted in the Circuit Court of Vanderburgh County, Indiana, of violating the state RICO statute, Ind.Code § 35–45–6–2(3), with a predicate offense of unlawfully selling pornographic materials within 500 feet of a church and school in violation of Ind.Code § 35–49–3–3(3). The conviction was affirmed by the Indiana Court of Appeals. *Studio Art Theatre of Evansville, Inc. v. State*, 530 N.E.2d 750 (Ind.Ct.App.1988). Studio Art's petition to transfer was denied by the Supreme Court of Indiana (App. I) and certiorari was also denied, 494 U.S. 1056. Studio Art has now raised the same constitutional arguments in the district court as it raised in the state courts. Thus the district court properly dismissed the action on the ground that Studio Art was precluded from relitigating the statute's constitutionality.

In December 1987, the Indiana trial court convicted Studio Art. Studio Art challenged the constitutionality of the obscenity statute and its use as a predicate offense. In his opinion holding that Studio Art violated the Indiana RICO statute, Circuit Judge Miller responded to defendant's constitutional argument as follows:

> Indiana's Racketeer Influenced and Corrupt Organization Act, as it pertains to predicate offenses of obscenity, does not violate the First and Fourteenth Amendments to the United States Constitution. *4447 Corp. v. Goldsmith* (1987), 504 N.E.2d 559, 564. (App. H at 7.)

Although the trial court did not expressly address the constitutionality of the underlying obscenity statute, it implicitly found the statute constitutional by holding that it was a valid RICO predicate offense and by upholding the conviction.

On appeal to the Indiana Court of Appeals, Studio Art again argued that the statutory provisions involved here were unconstitutional, but the argument was rejected on the ground that the same statutory provisions had already been held constitutional in *4447 Corp. v. Goldsmith*, 504 N.E.2d 559 (Ind. 1987), and *State v. Sappenfield*, 505 N.E.2d 504 (Ind.Ct.App.1987). Although the court did not specifically address the underlying obscenity statute, it added that "other remote constitutional arguments are presented which hinge on first and fourteenth amendment rights," and stated "[b]ecause these matters have been presented to and ruled upon by our supreme court, we do not deem it necessary to discuss them further." 530 N.E.2d at 752. Since the trial court's judgment regarding the constitutionality of the predicate offense was there expressly affirmed, while the constitutionality of the underlying obscenity statute was implicitly affirmed, plaintiff's argument in this civil case that the issue had not been finally decided in the state criminal proceeding is unpersuasive. Studio Art also argues that the two cases relied upon by the Indiana Court of Appeals are inapposite. That argument is similarly unpersuasive since it goes to whether the court was correct in its conclusion rather than to whether the issue had been finally decided.

■ In November 1993, plaintiffs filed a motion for partial summary judgment in the district court civil case based on the same First and Fourteenth Amendment arguments that had been raised and rejected in challenging Studio Art's criminal conviction. In September 1994, the court ordered plaintiffs to show cause why their actions were not barred by the doctrines of res judicata and collateral estoppel or by the principles announced in *Heck v. Humphrey*, —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Studio Art argues that defendants had waived the preclusion issue based on a com-

prehensive settlement agreement. Regardless, the district court retained the power to raise the issue *sua sponte*, which it did. See, *e.g., Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir.), certiorari denied, —— U.S. ——, 114 S.Ct. 278, 126 L.Ed.2d 229 (1993). The benefits of precluding relitigation of issues finally decided run not only to the litigants, but also to the judicial system.

In May 1995, Judge Brooks filed a memorandum opinion denying plaintiffs' motion for partial summary judgment and dismissing the complaint. As the court noted, both the Indiana trial court and Court of Appeals had held that the Indiana statute was constitutional, so that "the doctrines of res judicata and collateral estoppel apply to an attempt to relitigate issues previously decided by those courts." (App. A at 13.) The court concluded that Studio Art was barred by the doctrine of issue preclusion. The court added that since plaintiff Montrose was and is the president of Studio Art and had an opportunity to participate in Studio Art's defense and assertion of its constitutional rights in the criminal suit against it, he must be considered a privy to the prior Studio Art lawsuit and therefore precluded from bringing his current constitutional claims. See *Tofany v. NBS Imaging Sys., Inc.*, 597 N.E.2d 23, 28–29 (Ind.Ct.App.1992). The district court held that res judicata (claim preclusion) and collateral estoppel (issue preclusion) both apply to this case (App. A at 13) because the same issues and same claims presented below had been decided against Studio Art in the state courts.

■ In deciding whether to give preclusive effect to state court judgments, federal courts look to state law in the state where the original action was decided. *Wabash Valley Power Ass'n v. Rural Electrification Admin.*, 988 F.2d 1480, 1487 (7th Cir.1993). The Indiana Supreme Court decided in *Kimberlin v. DeLong*, 637 N.E.2d 121, 125 (Ind. 1994), certiorari denied, —— U.S. ——, 116 S.Ct. 98, 133 L.Ed.2d 53 (1995), that collateral estoppel (issue preclusion) applies with respect to a criminal conviction in a subsequent civil suit, and doubtless Indiana courts would apply the kindred doctrine of res judicata (claim preclusion) as well. Consequent-

ly, since the same issues and claims were already decided adversely to plaintiffs in the Indiana courts, Judge Brooks was correct in holding that Studio Art was precluded from relitigating their constitutional challenges in federal court.

■ Plaintiffs assert that the claims in the state and federal actions were not the same, thus barring application of res judicata. Even if so, collateral estoppel applies to this case because identical issues were tendered in both the civil suit below and the prior criminal case. See *Bojrab v. John Carr Agency,* 597 N.E.2d 376, 378–379 (Ind.Ct. App.1992); *Gorski v. Deering,* 465 N.E.2d 759, 762 (Ind.Ct.App.1984). Collateral estoppel is a "narrower application" of preclusion and applies "where a *particular issue* is adjudicated in a prior action and is put in issue in a subsequent suit on a different cause of action between the same parties or their privies." *Gorski,* 465 N.E.2d at 762 (emphasis in original). Both the state court action and the present civil action turn on the same tendered issue of whether the statute is constitutional. Since the issue was decided in the Indiana courts, the present suit is barred by collateral estoppel.

■ Studio Art attempts to avoid collateral estoppel by arguing that Montrose, now a party to the civil suit but not previously a defendant in the criminal case, is not in privity with Studio Art. As Studio Art's president, Montrose was clearly in privity and cannot relitigate the issues decided against his company. Parties are in privity when "there is a commonality of interest between the two entities" and when they "sufficiently represent" each other's interests. *Tofany,* 597 N.E.2d at 29; see also *Donovan v. Estate of Fitzsimmons,* 778 F.2d 298, 301 (7th Cir.1985). Given the close relationship between Studio Art, a relatively small company, and Montrose, as well as the fact that Montrose was originally named as a defendant in the criminal case and faced with identical charges as Studio Art prior to reaching a settlement with the state, we are unpersuaded by Studio Art's argument. As in *Donovan,* Montrose and Studio Art had a

clear "congruence" of legal issues with respect to the statute, thus establishing privity. 778 F.2d at 301.

■ Studio Art's claim that it was denied a full and fair opportunity to litigate the issue is similarly unpersuasive. Where a party is represented by counsel, had ample opportunity to present evidence and exhibits, and also had appellate review, he is presumed to have had a full and fair opportunity to litigate. See *Brown v. J.I. Case Co.,* 813 F.2d 848, 854 (7th Cir.), certiorari denied, 484 U.S. 912, 108 S.Ct. 258, 98 L.Ed.2d 215 (1987). Nowhere does Studio Art argue that it did not have the opportunity to fully brief and argue its constitutional claims in the Indiana courts; rather, plaintiffs rely on the fact that the published opinions of the state courts seemed to give short shrift to the constitutional issues. But this goes to the question of whether the issue was actually litigated in the state courts. Even an issue determined by a court with little analysis or explanation may be actually litigated for purposes of collateral estoppel. See *Friarton Estates Corp. v. City of New York,* 681 F.2d 150, 159 (2d Cir.1982). In light of the passages quoted above from the state trial court and the appellate court, and the implicit findings that the obscenity statute was constitutional, we are persuaded that Studio Art's constitutional challenges were actually litigated and that Montrose is barred by privity. A necessary implicit finding by the state court, coupled with language that indicates awareness of the issues, is sufficient to preclude relitigation. Both are present here.

Judgment affirmed.*

---

* Because we dispose of this case on collateral estoppel grounds, it is unnecessary to discuss

*Heck v. Humphrey, supra,* on which plaintiffs also rely.