**MONICA BOYD-RICHARDS, Plaintiff**

**v.**

**ARSENE MASSAC, VERNON ROBINSON, ALLEN WILLIAMS CORP. AND TRI-ISLAND TITLE CORPORATION, Defendants**

Civ. No. 817/1990

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

December 31, 1996

Monica Boyd-Richards, Pro Se, St. Thomas, U.S.V.I., *for Plaintiff*

Jewel L. Cooper, Esq., (Tom Bolt & Associated, P.C.), St. Thomas, U.S.V.I., *for Defendants Allen Williams Corp. and Tri-Island Corporation*

Herbert Muriel, Esq., St. Thomas, U.S.V.I., *for Defendant Arsene Massac*

SWAN, *Judge*

## MEMORANDUM OPINION

Plaintiff has filed this action against the defendants which is entitled Action to Set Aside Fraudulent Transfer, Debt, Damages and Quiet Title. Because of the *Doctrine of Res Judicata*, the plaintiff's failure to prosecute this action, and for the reasons which follow, plaintiff's action will be dismissed.

## FACTS

On March 29, 1989, one of the defendants in this action, Arsene Massac ("Massac"), filed a prior lawsuit against the plaintiff, Monica Boyd-Richards ("Boyd-Richards"), to quiet title to certain property located at Number 11 Cruz Bay Quarter, St. John, Virgin Islands. A certified copy of an extract from the Public Surveyor's Record was attached to Massac's complaint as an exhibit. The exhibit reveals that Number 11 Cruz Bay Quarter, St. John, Virgin Islands includes Parcel Number 480 Estate Chocolate Hole, St. John, Virgin Islands. Massac's lawsuit was docketed as *Arsene Massac v. Monica Boyd-Richards*, Civil Number 270/1989. Following a protracted trial, encompassing several days of testimony of both expert and lay witnesses and the admission of more than sixty (60) pieces of documentary evidence, the Court heard the attorneys' summations and took the case under advisement.

On July 2, 1991, the Court issued thirteen pages of findings of fact and conclusions of law. Likewise, judgment was entered in Civil Case Number 270/1989, declaring Massac to be the title owner of the property designated as the remainder portion of Estate Chocolate Hole on St. John, United States Virgin Islands, which includes Number 480 Estate Chocolate Hole. The July 2,

1991 judgment in Civil Case Number 270/1989 conclusively adjudicated the issue which is presented in this case; namely, it settled the location of the contiguous boundary line between Estate Bethany and Estate Chocolate Hole, Cruz Bay Quarter on the island of St. John, Virgin Islands. Simultaneously, the judgment adjudicated the boundary line dispute between Boyd-Richards' Estate Bethany property and Massac's Estate Chocolate Hole property.

Boyd-Richards promptly perfected an appeal of the Court's July 2, 1991 judgment to the Appellate Division of the United States District Court ("District Court"). In a November 13, 1991 letter to Boyd-Richards from Deputy Clerk Claudette A. White of the Office of the Clerk of the District Court, Boyd-Richards was informed *inter alia* that "failure to prosecute your case will result in dismissal of your appeal". Nonetheless, in a December 16, 1991 order from the Appellate Division, of the District Court of the Virgin Islands, Acting Chief Judge Brothman dismissed Boyd-Richards's appeal "for failure to timely prosecute". No appeal was taken from that order dismissing the appeal, nor did Boyd-Richards seek any other relief from that dismissal. Consequently, this Court's July 2, 1991 judgment became final.

On September 14, 1990, and subsequent to the conclusion of the trial in Civil Number 270/1989, but before judgment was entered, Boyd-Richards filed the instant action concurrently with a Motion to Consolidate this action with Civil Number 270/1989. It is noteworthy that in the first paragraph of the motion for consolidation and as the reason for the motion, Boyd-Richards stated, "[b]oth cases are the subject of a parcel of land which has been in didpute(sic)". Significantly, on or about October 2, 1990, Boyd Richards caused a lis pendens in this action to be recorded in the Office of the Recorder of Deeds against Parcel Number 480 Estate Chocolate Hole, St. John and other properties. As in this case, Civil Number 270/1989 was an action to quiet title to Number 480 Estate Chocolate Hole, Number 11 Cruz Bay Quarter, St. John, Virgin Islands.

On June 15, 1991, this Court entered an order denying Boyd-Richards' motion to consolidate both actions. The Court concluded that Boyd-Richards was surreptitiously attempting to relitigate

Civil Number 270/1989 by filing the instant action. Relitigation of the same issues in this case as those issues raised in Civil Number 270/1989, and involving the same parties in both cases, raises the Doctrine of Res Judicata. Accordingly, this case presents the issue of res judicata.[1]

## ANALYSIS

■ The Doctrine of Res Judicata is the legal principle utilized by courts and commentators to refer to the dual effects of a valid final judgment in precluding future litigation. The doctrine consists of two preclusion concepts: claim preclusion and issue preclusion. Under claim preclusion, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. *Parklane Hosiery Co. v. Shore*, 429 U.S. 322, 327 n.5; 99 S. Ct. 645; 58 L.Ed. 2d 552 (1979). Issue preclusion, which is referred to as collateral estoppel, is a narrower application of res judicata. *See Restatement (Second) of Judgment*, Section 27 (1982).[2] Under collateral estoppel, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action. *Purter v. Heckler*, 771 F.2d 682, 690 (3rd Cir. 1985) (discussing the Doctrine of Res Judicata and its dual preclusion concepts of issue preclusion and claim preclusion). Additionally, when one has been given the opportunity to fully present his case in court and the contested issues are decided against him, he may not later renew the litigation in another court. *Purter*, 771 F.2d at 690, citing *Heiser v. Woodruff*, 327 U.S. 726, 733; 66 S. Ct. 853, 856; 90 L.Ed. 970 (1946).

Similarly, the United States Supreme Court has enunciated that under Res Judicata, a final judgment on the merits bars further claims by parties or their privies based upon the same cause of

---

[1]This case was originally assigned to another judge, but because of this Court's intimate familiarity with Civil Number 270/1989, this case was re-assigned to this Court.

[2]Section 27: Issue Preclusion-General Rule.
When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

action and prevents recovery that was previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Brown v. Felsen*, 442 U.S. 127, 138; 99 S. Ct. 2205, 2209; 60 L.Ed. 2d 767 (1979). See also *Atiya v. Salt Lake County*, 988 F.2d 1013, 1019 n.5 (10th Cir. 1993) (claim preclusion or res judicata bars relitigation of claims that were or could or should have been raised in the first action, whereas collateral estoppel or issue preclusion bars relitigation of identical issues).

■ In this Circuit, the cornerstone and underpinning of the Doctrine of Res Judicata has not been disturbed. The concept or principle still prohibits the reexamination not only of matter actually decided in a prior case but also those that the parties might have, but did not assert in that action. *See Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3rd Cir. 1993). *Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080, 1086 (3rd Cir. 1988) (the doctrine of res judicata precludes the relitigation of matters based on the same cause of action that were or could have been raised and resolved in a prior proceeding). *Gregory v. Chehi*, 843 F.2d 111, 116 (3rd Cir. 1988)(the purpose behind the doctrine of res judicata is to promote finality, certainty and judicial efficiency by barring relitigation of the issues or claims already decided). *Nanavati v. Burdette Tomlin Memorial Hospital*, 857 F.2d 96, 111 (3rd. Cir. 1988) (preclusion extends to all grounds for and defenses to recovery that were available to the parties, regardless of whether they were asserted or determined in the prior proceeding).

■ When undertaking to determine whether two actions are identical for purposes of res judicata, the relevant criteria include: whether the acts complained of and the demand for relief are the same, *i.e.*, whether the wrong for which redress is sought is the same in both actions; whether the theory of recovery is the same; whether witnesses and documents necessary at trial are the same; and whether the material facts alleged are the same. *O'Leary v. Liberty Mutual Insurance Co.*, 923 F.2d 1062, 1065 (3rd Cir. 1991). For the purpose of establishing what constitutes causes of action under claim preclusion a cause of action is the same, if the evidence needed to sustain the second action would have sustained the first action or if both actions arise from the same transaction. Restate-

66

ment (Second) of Judgments § 24 (1982).[3] See also *Lawaetz v. Bank of Nova Scotia,* 23 V.I. 132, 141 (D.C.V.I. 1987). The key question to determine whether actions are products of the same transaction is whether any right has been violated by a single wrong. See *Lawaetz,* 23 V.I. at 141.

This case and the prior case, Civil Number 270/1989, are based upon the same cause of action and involve the same issue. Civil Number 270/1989 was an action to quiet title and the principal issue was the location of the contiguous boundary line between property in Estate Chocolate Hole, owned by Massac, and property in Estate Bethany, owned by Boyd-Richards. Massac asserted that he was the owner of the property upon which Boyd-Richards was attempting to construct a house, because the property was part of his Estate Chocolate Hole property. Boyd-Richards denied the allegation. She contended that she was the owner of the land upon which her house was being built, because the land was located in Estate Bethany and not in Estate Chocolate Hole, as Massac was asserting.

Boyd-Richards now seeks to have this Court determine that a portion of her Estate Bethany property with a purportedly contiguous boundary line with Estate Chocolate Hole was misappropriated because of defendants' reliance on maps that inaccurately and erroneously determined the boundary line between the two estates. More succinctly, Boyd-Richards avers that the defendants collaborated with each other to tamper with, alter or revise the boundary line of her property, and as a consequence their actions have reduced the original size of her property. She now seeks to recoup the alleged lost property by having a redetermination of her property's boundary line that is contiguous with Massac's property. Boyd-Richards has importuned this Court to declare that she is the lawful owner of the same property which was the subject of Civil Number 270/1989. However Boyd-Richards may couch her cause of action she, in effect, is unabashedly urging this Court,

---

[3] Restatement (Second) of Judgments, Section 24(1)

When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

contrary to its judgment in Civil Number 270/1989, to declare that she is the owner of the same land that would be located between Estate Bethany and Estate Chocolate Hole, depending on the location of the boundary line.

■ The location of the boundary lines of Boyd-Richards' property in Estate Bethany was the precise issue the Court decided in Civil Number 270/1989 and illuminated in its findings of facts. To prove her case, Boyd-Richards must necessarily rely upon the same witnesses in the prior case, particularly the licensed surveyor, and must rely on the same documents or documentary evidence, which are the maps and surveys. The Court concludes, therefore, that both actions involve the same witnesses and documents, the same material facts, and the same theory of recovery. Because both actions, Civil Number 270/1989 and the instant action, are based on the same cause of action and embody the same issue, this case involves claim preclusion and not the narrower concept of issue preclusion.

In order for claim preclusion to attach there must have been (1) a valid final judgment on the merits, (2) a prior suit involving the same parties or their privies, and (3) the subsequent suit is based on the same issues. *African International Bank v. Epstein*, 10 F.3d 168, 171 (3d Cir. 1993). If claim preclusion is applicable, then the first judgment is conclusive not only as to those facts or issues actually raised and litigated, but also as to those issues which might have been raised and litigated. *Brown v. Felsen*, 442 U.S. 127, 138 n.10; 99 S. Ct. 2205; 60 L.Ed. 2d 767 (1979). *African International Bank*, 10 F.3d 168, 171. *See also, Bank of Nova Scotia v. Block*, 19 V.I. 45, 51 (D.C.V.I. 1982).

Both actions involve the same issue, which is a determination of ownership of property situated between Estate Chocolate Hole and Estate Bethany. The only remaining questions, therefore, are (1) whether Civil Number 270/1989 resulted in a valid final judgment and (2) whether Civil Number 270/1989 and the instant action involve the same parties or their privies.

The first action, Civil Number 270/1989, was adjudicated and a final judgment was entered in the action. Defendant Boyd-Richards appealed the Court's judgment to the Appellate Division of the District Court of the Virgin Islands. On December 16, 1991,

Acting Chief Judge Brothman dismissed the appeal because of Boyd-Richards' failure to prosecute the action. Boyd-Richards never perfected an appeal to the United States Court of Appeals for the Third Circuit from Judge Brothman's Order, nor did she subsequently file a motion seeking reconsideration of Judge Brothman's Order of dismissal. Consequently, this Court's July 2, 1991 Order in *Arsene Massac v. Monica Boyd-Richards*, Civil Number 270/1989 became final.

Res judicata does not require complete identity between all parties, but only that the current parties were also parties, or successors to parties, in the prior action. Restatement (Second) of Judgments § 43 (1982).[4] *Hodge v. McGowan*, 29 V.I. 142, 151 (D.C.V.I. Appellate Division 1993). Privity between parties in a lawsuit exists when there is a close or significant relationship between the parties or when the non-participating party's interest is represented by, or is derivative of, the parties in the original litigation. *Carpet Savings Bank v. Pelican Beach Properties, Ltd.*, 27 V.I. 285, 291 (D.C.V.I. 1992).

To recapitulate, both Massac and Boyd-Richards were party litigants in the prior action, and they are parties in the instant action. Defendant Massac's prior suit was to quiet title.

In the instant action, Boyd-Richards claims that Defendant Massac misappropriated portions of Estate Bethany by causing to be prepared maps which misrepresented the acreage and location of the boundaries of her property. Therefore, she seeks to quiet title in herself of property she asserts she lawfully owns. She contends that Vernon Robinson ("Robinson") prepared the maps which misrepresented her property's boundary lines and caused them to be filed in government offices as public records. Accordingly, Robinson has been named as a party because of Boyd-Richard's belief that he participated in the alleged wrongful acts committed against her by Massac. But, Massac litigated this issue in Civil

---

[4] Restatement (Second) of Judgments, Section 43

A judgment in an action that determines interests in real or personal property:
(1) With respect to the property involved in the action:
  (a) Conclusively determines the claim of the parties to the action regarding their interests; and
  (b) Has preclusive effects upon a person who succeeds to the interest of a party to the same extent as upon the party himself.

Number 270/1989; he was the prevailing party; therefore, Robinson was fully vindicated. Remarkably, Boyd-Richards never perfected service of process upon Robinson, despite the inordinate length of time this case has been pending.

Boyd-Richards further asserts that in December of 1986, Massac conveyed portions of Estate Chocolate Hole to St. John Virgin Grand Villas Associates. Defendant Allen Williams Corporation ("Allen Williams") is a joint venture partner in St. John Virgin Grand Villas Associates and has been named a party for this reason. Allen Williams Corporation is the successor in interest to the disputed property, and its interest was fully represented by Massac in Civil Number 270/1989.[5] Finally, Boyd-Richards asserts that Tri-Island Title Corporation operated as the buyer for the above transferred property. Thus, both Allen Williams and Tri-Island are successors in interest to or are in privity with Massac in Civil Number 270/1989.

■ It has not escaped the Court's attention that plaintiff has not prosecuted this case. More than five years have elapsed since Boyd-Richards has taken any action in the case. Other than the complaint, the motion to consolidate which was denied and another motion filed in June 1, 1991, Boyd-Richards has done virtually nothing to advance her lawsuit. Although she is a *pro se* litigant, the Court will not ignore the fact that Boyd-Richards is an attorney, practicing law in this jurisdiction for more than ten years. See *Lockhart v. Sullivan*, 925 F.2d 214 (7th Cir. 1991), which held that although Court of Appeals treats pro se litigants gently, pro se attorney is not entitled to special treatment. Moreover, Boyd-Richards has never undertaken the most rudimentary discovery endeavors in this action. (See Fed.R.Civ.P. 33, 34 and 36 covering interrogatories, production of documents and request for admis-

---

[5] In an October 23, 1990 affidavit by Jewel L. Cooper, Esquire made in support of Defendants Allen Williams Corporation and Tri-Islands Title and Abstract Company's "Motion to Dismiss and to Discharge Lis Pendens" Cooper states *inter alia,*
"(2) I have personally examined the records of the Recorder of Deeds, St. Thomas, U.S.V.I., and have personal knowledge of the matters set forth in this affidavit.
(3) None of the defendants [Allen Williams Corporation and Tri-Island Title Abstract Company] presently has record title to parcels 479 and 480 Estate Chocolate Hole, St. John, U.S.V.I. nor to parcels No. 3 and 4. Estate Sans Soucci and Guinea Gut, St. John, U.S.V.I.".

sions). When a plaintiff has failed to conduct any discovery in a lawsuit which has been filed more than six (6) years and in more than five (5) years has not filed any papers to advance a resolution of the case, and has never perfected service upon one of the defendants, the case warrants dismissal. Therefore, this case should be dismissed pursuant to Fed.R.Civ.P. 41(b).

## CONCLUSION

This action is predicated upon the same cause of action and involves the same issue and same parties or their privies as Civil Number 270/1989 in which a final judgment was entered on the merits of the claim. Consequently, the Doctrine of Res Judicata prohibits this court from relitigating the same issue in this case as that raised in Civil Number 270/1989, namely the location of part of the boundary to Estate Chocolate Hole, No. 11 Cruz Bay Quarter, St. John and the location of the contiguous boundary line between Estate Bethany and Estate Chocolate Hole on the island of St. John.

Accordingly, this action is hereby DISMISSED WITH PREJU-DICE, because of the Doctrine of Res Judicata and for plaintiff's failure to prosecute this action.

DATED this 31st day of December, 1996.