Alice Faye **SIMMONS**, Plaintiff,

v.

**CHATHAM NURSING HOME, INC.**, d/b/a Chatham Nursing Home, Defendant.

No. CV 499–154.

United States District Court, S.D. Georgia, Savannah Division.

April 17, 2000.

---

Alice Faye Simmons, Austin, TX, Pro se.

Becky B. Livingston, Brown & Livingston, PC, Statesboro, GA, for Defendant.

## ORDER

EDENFIELD, District Judge.

### I. BACKGROUND AND ANALYSIS

In this employment discrimination case, plaintiff Alice Faye Simmons alleges that the Chatham Nursing Home, Inc. (Chatham), violated her 42 U.S.C. § 1981 rights by failing to promote her because of her race, then later firing her for complaining about it. Doc. # 1 exh. A (Complaint). Simmons previously sued Chatham under Title VII (42 U.S.C. § 2000e et seq.), see *Simmons v. Chatham Nursing Home*, 498CV234 ("*Simmons I*"), see doc. # 3 exh. A–B; doc. # 29 at 3 & exh. B, but another judge of this Court dismissed that action after she failed to comply with discovery orders. 498CV234 doc. ## 36–37. Plaintiff later dismissed her own appeal of that judgment. *See* 498CV234 doc. # 39.

Subsequently, Simmons filed essentially the same action (this time under § 1981) [1] in State court but Chatham removed it to this Court. Doc. # 1. Defendant cited the prior dismissal without moving to dismiss under the res judicata relitigation bar. [2] Doc. # 3 at 1; # 29 at 3. Chatham thus elected to fully litigate this case (the file is now thick with, inter alia, deposition/subpoena disputes, Magistrate Judge Orders, etc.), notwithstanding the fact that:

(a) Unless the district court specifies otherwise, a dismissal ordered as a pro-

---

1. "A court uses the same requirements of proof and the analytical framework developed in Title VII cases when assessing claims under section 1981." *Walker v. Boys and Girls Club of America*, 38 F.Supp.2d 1326, 1335 (M.D.Ala.1999) (citing *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998)).

2. Sometimes courts confusingly intermix "res judicata" with "collateral estoppel," if not also "claim preclusion." *See Sorrells Constr. Co., Inc. v. Chandler Armentrout & Roebuck, P.C.*, 214 Ga.App. 193, 193, 447 S.E.2d 101 (1994) ("The law of res judicata and collateral estoppel is somewhat confusing, primarily due to our failure to clearly and consistently distinguish the two doctrines"); *Jang v. United Technologies Corp.*, 206 F.3d 1147, 1149 n. 1 (11th Cir.2000).

"While res judicata bars the relitigation of claims, collateral estoppel precludes the relitigation of an issue that has already been litigated and resolved in a prior proceeding." *Pleming v. Universal–Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir.1998). "Because this [C]ourt is considering the preclusive effect of a prior federal court judgment, the federal common law of res judicata applies." *Edwards v. Alabama Dept. of Corrections*, 81 F.Supp.2d 1242, 1247 (M.D.Ala.2000) (citing *Agripost, Inc. v. Miami–Dade County*, 195 F.3d 1225, 1230 n. 11 (11th Cir.1999)).

cedural sanction "operates as an adjudication upon the merits." F.R.Civ.P. 41(b).

(b) While the *Simmons I* dismissal order was grounded on F.R.Civ.P. 37 and 41(b), it did not specify whether the dismissal was with or without prejudice. Under Rule 41(b), then, the dismissal was on the merits and *with* prejudice. *See* Rule 41(b); *Nagle v. Lee,* 807 F.2d 435, 442–43 (5th Cir.1987); *see also Vakalis v. Shawmut Corp.,* 925 F.2d 34, 37 (1st Cir.1991) (a district court has the power to dismiss with prejudice where a party has failed to comply with procedural rules).

(c) Applying the re-litigation bar to a Rule 41(b)-based, prior dismissal case is not a new concept. *See Freedman v. American Export Isbrandtsen Lines, Inc.,* 451 F.2d 157, 158 (3rd Cir.1971) (Rule 41(b) dismissal with prejudice of pro se complaint barred subsequent federal court action on res judicata grounds); *Collins v. Department of Navy,* 1988 WL 87317 at * 1 (E.D.Pa. Aug. 17, 1988); *Nagle,* 807 F.2d at 439–40 (original action dismissed for failure to prosecute; second action against same party dismissed on res judicata grounds, though not against new defendants).

(d) Simmons cannot avoid res judicata simply by raising § 1981 and retaliation claims in this case because they preexisted her *Simmons I* Complaint. *See Pleming,* 142 F.3d at 1356–57 (res judicata bars "not only the precise legal theory presented in the previous litigation, but … all legal theories and claims arising out of the same operative nucleus of fact") (quotes and cite omitted) (applying both federal and Georgia law); *accord O'Connor v. PCA Family Health Plan, Inc.,* 200 F.3d 1349, 1355 (11th Cir.2000) (applying federal law); *Agripost,* 195 F.3d at 1228–29, 1232 (applying Florida law); *Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1238–40 (11th Cir. 1999) (applying federal law).

(e) Indeed, plaintiff does not claim that any of her present claims arose after she filed her *Simmons I* Complaint (in such case, *Pleming* counsels against res judicata, *see Pleming,* 142 F.3d at 1357–61; *see also Ragsdale,* 193 F.3d at 1240 n. 9 (if the claim accrues "prior to the filing of the first lawsuit, as is the case here, her second action would then be barred by res judicata"); *accord O'Connor,* 200 F.3d at 1355–56).

Normally, res judicata-type defenses are waived when not raised. *See Pangburn v. Culbertson,* 200 F.3d 65, 68 n. 1 (2nd Cir. 1999) (Affirmative defense of res judicata was waived by failure to raise it); *Paramount Aviation Corp. v. Agusta,* 178 F.3d 132, 145–46 (3rd Cir.1999) (Res judicata argument based on federal preclusion principles would be deemed waived where defendants in action removed from State court sought summary judgment based on State's "entire controversy" doctrine, which was subsequently determined not to apply, but never argued that federal preclusion rules barred plaintiff's action), *cert. denied,* —— U.S. ——, 120 S.Ct. 188, 145 L.Ed.2d 158 (1999); *see also Caldera v. Northrop Worldwide Aircraft Servs., Inc.,* 192 F.3d 962, 970 (Fed.Cir.1999) (Collateral estoppel is an affirmative defense which must be timely pled or generally it is deemed waived).

And, this Court typically does not raise claims or defenses on behalf of those who appear before it. *See U.S. v. Burkhalter,* 966 F.Supp. 1223, 1225 n. 4 (S.D.Ga.1997) ("It is not the province of this Court to raise issues on behalf of litigants before it"); *see also GJR Investments, Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir.1998) ("legal parameters of a given dispute are framed by the positions advanced by the adversaries, and may not be expanded sua sponte by the trial judge") (internal quotes and cite omitted).

■ But ample grounds exist for doing so here. First, Simmons should simply *not* be permitted to evade this Court's

prior sanction merely by rearranging the deck chairs on the same ship, then re-launching it. Res judicata thus would preserve both benefits to and respect for the judicial system itself—a policy upheld by courts nationwide. *See Studio Art Theatre of Evansville, Inc. v. City of Evansville,* 76 F.3d 128, 130 (7th Cir.1996) (district court could raise collateral estoppel sua sponte because the benefits of precluding relitigation of issues ran not only to litigants but also to the judicial system); *Caldera,* 192 F.3d at 970 (collecting cases).[3]

Second, the defense arises out of the Court's own earlier judgment and thus is based on its own records. Hence, continuity as well as deference to a prior judge's decision comes into play. *See Warnock v. Pecos Cty.,* 116 F.3d 776, 778 (5th Cir. 1997) (urging caution against sua sponte res judicata applications but noting two exceptions: when the defense arises out of the court's own earlier judgment, or when the "demands of comity, continuity in the law, and essential justice" confront the court and all relevant records are before it). The defense therefore will be applied here.[4]

█ In that the Court is raising this issue sua sponte, it will suspend disposition so that it can first hear from the plaintiff, who is proceeding *pro se* but is no stranger to court proceedings. *See* Simmons dep. at 18, 21 (in 1998 she sued a department store chain for "sexual harassment," was sued "for a defaulted student loan," and bankrupted). Simmons therefore should brief this Court and show why her case should not be dismissed on res judicata grounds. Otherwise, the Court will so dismiss it, thus obviating the need to reach Chatham's remaining defenses.

## II. CONCLUSION

Within 15 days of the date this Order is served, plaintiff Alice Faye Simmons shall show the Court why it should not dismiss her case with prejudice under the res judicata grounds set forth above. Defendant Chatham Nursing Home, Inc., shall thereafter have 10 days to file any desired response. In the meantime, the 4/25/00 Pretrial Conference is canceled and no Consolidated Pretrial Order need be filed. Finally, Simmons's Motion to Reschedule Pretrial Conference Schedule and Filing (doc. # 47) is *DENIED* as moot.

---

3. *See also Boone v. Kurtz,* 617 F.2d 435 (5th Cir.1980), where the former Fifth Circuit "held that the district court could sua sponte dismiss an action on res judicata grounds in the interest of judicial economy where the previous action had been brought before a court of the same district, even though the record contained [in contrast to the case *sub judice,*] neither the complaint nor the order of dismissal in the earlier action," *Nagle,* 807 F.2d at 438; *In re Medomak Canning,* 922 F.2d 895, 904 (1st Cir.1990) (Even if the defense of res judicata had been waived by failure of pleading, "a court on notice that it has previously decided an issue may dismiss the action sua sponte, consistent with the res judicata policy of avoiding judicial waste"), cited in 18 WRIGHT & MILLER: FEDERAL PRAC. & PROC. (*Raising and Enforcing Res Judicata*) § 4405 n. 3 (1999 Supp.) (collecting cases); *Hrabe v. Paul Revere Life Ins. Co.,* 76 F.Supp.2d 1297, 1297–98 n. 1 (M.D.Ala. 1999).

4. Chatham, incidentally, has raised a judicial estoppel defense (i.e., that Simmons failed to disclose the instant claim as an asset in her 1998 bankruptcy) aimed at fetching the same result: dismissal. *See* doc. # 29 at 5–11; *Scroggins v. Arrow Trucking Co.,* 92 F.Supp.2d 1372, 1375–76 (S.D.Ga.2000) (case dismissed because plaintiff failed to timely disclose his claim in his prior bankruptcy proceedings). Simmons, however, attests that she orally disclosed the substance of her claim at an 11 U.S.C. § 341 meeting of her creditors in July, 1998. Doc. # 42.