**STANLEY GEORGE, Plaintiff**
**v.**
**ANGELA MARTIN, GEORGE FRANCIS, LAWRENCE FRANCIS,**
**and EDWARD FRANCIS, Defendants**

Civil No. 432/1999

Territorial Court for the Virgin Islands

Division of St. Thomas and St. John

October 29, 2001

DAVID W. LEAHR, ESQ., Legal Services of the Virgin Islands, Inc., St. Thomas, Virgin Islands, *Attorney for Plaintiff*

ANGELA MARTIN, St. Thomas, Virgin Islands, *Pro Se Defendant**

MEYERS, *Judge*

## MEMORANDUM OPINION

(October 29, 2001)

THIS MATTER is before the Court on Plaintiff's three count Complaint alleging *inter alia*, unjust enrichment and promissory estoppel. However, as discussed more thoroughly below, this Complaint will be dismissed in its entirety.

## PROCEDURAL HISTORY

This cause of action is, in reality, a continuation of a long history of allegations and legal proceedings between the parties spanning back to

---

* Defendants have not yet appeared in this action. However, in the previous suits between these parties, as more fully set forth in the Procedural History below, Defendants (as Plaintiffs) were represented by the law firm of Grunert, Stout, Bruch & Moore, 24-25 Kongens Gade, St. Thomas, Virgin Islands 00804 in *Martin, et al. v. Huggins, et al,* Civil No. 295/89, and Angela Martin is presently a *pro se* Plaintiff in *Martin v. George,* Civil No. 12/1999.

the 1970's. As such, to get a full understanding of the present suit, and this Court's position in relation thereto, it is necessary to briefly recount the entire history between the parties.

In 1973, the Plaintiff entered into a lease agreement with Defendant Angela Martin ("Martin") for a parcel of unimproved land described as Parcel No. 83-7, Estate Smith Bay, East End Quarter, St. Thomas, U.S. Virgin Islands. Subsequently, Plaintiff constructed a residence on the leased premises. According to Plaintiff, he was induced to build this residence, including a foundation and cistern, in satisfaction of an alleged oral contract made by Martin to the effect that she would sell him the land at a later date.[1] Meanwhile, the Plaintiff lived in this residence, renewed his lease agreement several times through 1984, and continued to pay rent of approximately $85.00 per month on the parcel.

In April 1989, Martin sought to increase the monthly rentals on all of her properties,[2] including Plaintiff's parcel. She, along with her sons as remaindermen, filed an action for declaratory judgment in the Territorial Court captioned *Angela Martin, et al. v. Herman Huggins, et al.*, Civil No. 295/89, seeking a determination that she was not violating any Virgin Islands laws, and specifically that she was outside the jurisdiction of the V.I. Rent Control Laws.[3] The Tenants/Defendants ("Tenants"), of which the current Plaintiff was a member, filed their Answer and Counterclaim in June 1989, alleging: 1) Specific Performance; 2) Constructive Trust; 3) Equitable Lien; 4) Restitution; and 5-6) Two Counts of Intentional Misrepresentation. According to the Tenants, Martin had made oral promises to all of them that she would sell them their respective parcels at a future date and, as such, they sought specific performance and/or damages in satisfaction of the breach of the alleged oral agreement to sell.

In January 1990, Martin moved to dismiss the Tenants' counterclaims arguing the nonexistence of any oral contracts and, in the alternative,

---

[1] Defendant Martin has only a life estate in the property, with the remainder interest in her sons, co-Defendants George Francis, Lawrence Francis, and Edward Francis. Accordingly, even assuming Martin's alleged oral promise was valid, the most she could have conveyed was a life estate *per autre vie.*

[2] Parcel Nos. 83, 83-1, 83-2, 83-3, 83-4 a/k/a 83A-4, 83-5, 83-6, 83-7, and 83-9, Nos. 1, 2, and 3 East End Quarter, St. Thomas, U.S. Virgin Islands.

[3] 28 V.I. CODE ANN. § 831 *et seq.*

application of the Statute of Frauds. The Tenants responded to Martin's motion and filed their own Motion to Dismiss Martin's action in January 1991. On June 28, 1994, the Court, in separate opinions, denied Martin's Motion to Dismiss, and granted the Tenants' Motion for Summary Judgment[4] dismissing Martin's action for declaratory judgment.[5] Consequently, the action proceeded solely on the Tenants' counterclaims against Martin.

A pretrial conference was held on July 1, 1994, before the Honorable Judge Soraya Diase, setting discovery deadlines and pretrial orders, requiring notification by the Tenants within twenty days of their intent to continue with their counterclaims, and notifying the parties that the trial date would be set at a later time. On July 19, 1994, the Tenants replied in the affirmative regarding the continuation of their counterclaims. Discovery continued, and the parties filed their respective witness lists, expert reports, etc. Pursuant to the pretrial conference, the Parties' Joint Final Pretrial Order was filed on November 10, 1994.

Thereafter, in an Order dated April 22, 1996, this Court ruled on several outstanding motions, and due to their inactivity, ordered the Tenants to "advise this court of the status of their counterclaims within twenty (20) days of the date of this Order, failing which, said counterclaims will be dismissed for lack of prosecution." Nine months later, on January 28, 1997, Martin moved this Court for dismissal of the Tenants' counterclaims pursuant to the April 22, 1996 Order. This Court granted Martin's motion, and the Tenants' counterclaims were dismissed with prejudice.

Subsequently, on March 14, 1997, and again on December 27, 1997, Martin sent notice to Plaintiff to quit the leased premises. Plaintiff refused to vacate. Martin then petitioned the Virgin Islands Department of Housing, Parks & Recreation for a Certificate of Eviction. This petition was granted on August 18, 1998, pursuant to 28 V.I. CODE ANN.

---

[4] The Tenants' January 1991 motion was a FED. R. CIV. P. 12(b)(1) Motion to Dismiss, but was subsequently supplemented by a motion relying upon documents extraneous to the pleadings, thus converting it to a Motion for Summary Judgment.

[5] The Court agreed with the Tenants' contention that Martin had already acquiesced to the jurisdiction of the Rent Control Laws by petitioning for a rent increase and appearing before the Rent Control Officer.

§ 840, and Martin was authorized to commence eviction proceedings sixty days from that date.

A follow-up notice sent on November 17, 1998, requiring Plaintiff to vacate the premises within thirty days, went unanswered. Consequently, Martin initiated an Action for Forcible Entry and Detainer in the Territorial Court on January 8, 1999, captioned *Angela Martin v. Stanley George*, Civil No. 12/99. A hearing was held on January 19, 1999, before the Honorable Judge Brenda J. Hollar. Then, on February 3, 1999, the Court entered judgment in favor of Martin.

In its Judgment, the Court ordered that: 1) Martin was entitled to restitution of Plaintiff's leased premises; 2) Plaintiff would be awarded a six-month stay, pursuant to 28 V.I. CODE ANN. § 841(a), provided he deposit into the Territorial Court's registry, all rent currently due by March 1, 1999; 3) Effective February 1, 1999, the rent on the leased premises during the period of the stay would be raised to $200.00 per month; 4) Failure to pay any monthly payment, would result in the lifting of the stay; and 5) Upon vacating the property, if the Plaintiff's residence was removed, the money deposited would be released to Martin, and if the structure remained, the deposited money would be returned to Plaintiff so as not to be unjust enrichment for Martin.

Less than three weeks prior to the termination of the stay, on July 15, 1999, Plaintiff filed the present suit against Martin and her sons. In this suit Plaintiff alleges promissory estoppel and specific performance on the alleged oral contract to sell him the leased parcel of land. In the alternative, Plaintiff seeks compensation for the dwelling he constructed upon the leased parcel should he be ordered to vacate the premises. On July 16, 1999, Plaintiff moved to stay the Court's order of February 3, 1999 in *Martin v. George*, Civil No. 12/99.

## LEGAL ARGUMENT

Dismissal of this action, *sua sponte*,[6] is appropriate as all relevant records are before the Court and the claims asserted are *res judicata* and

---

[6] There is a split of opinion in the courts over whether a trial court may dismiss an action, on its own motion, based on claim preclusion. However, even those jurisdictions that are reticent in allowing a trial court to dismiss an action on its own, will allow it under "special circumstances." *See, e.g., Arizona v. California*, 530 U.S. 392, 147 L. Ed. 2d 374, 120 S. Ct. 2304 (2000); *Nagle v. Lee*, 807 F.2d 435, 438-39 (5th Cir. 1987) (holding trial court properly raised the defense of *res judicata, sua*

thus barred. This Court previously dismissed Plaintiff's counterclaims in the prior suit, Civ. No. 295/89, with prejudice, for failure to prosecute. The Court's dismissal arose pursuant to motion by Martin relying upon a previous Court Order and was presumably brought under Rule 41(b) of the Federal Rules of Civil Procedure. As such, any attempt by any of the parties to Civ. No. 295/89 to relitigate those former counterclaims is precluded by the doctrine of *res judicata*.

## FED. R. CIV. P. 41

Rule 41(b) states in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... *operates as an adjudication upon the merits*.

FED. R. CIV. P. 41(b) (emphasis added).

Rule 41 goes on to state that "the provisions of this rule apply to the dismissal of any counterclaim. ..." FED. R. CIV. P. 41(c). Additionally, a movant requesting dismissal pursuant to Rule 41, need not specifically aver that the motion is brought as such. *See* 9 Wright, Miller & Cooper, *supra* note 5, at § 2370. Likewise, no notice of the motion need be given to the adverse party. *Id.* Accordingly, Martin's Motion to Dismiss for lack of prosecution in Civ. No. 295/89 was in actuality a Rule 41(b) motion, even though it was not specifically brought as such, and was applicable to the Tenants' counterclaims.

---

*sponte*, "in the interest of judicial economy" since the prior action had been brought before a court of the same district); *Simmons v. Chatham Nursing Home, Inc.*, 93 F. Supp. 2d 1265, 1268 (D.C. Ga. 2000) (holding that since the earlier action was decided in this court, *res judicata* would be based on the court's own records and would establish continuity and respect for another judge's judgment); *Warnock v. Pecos Cty.*, 116 F.3d 776, 778 (5th Cir. 1997) (noting two exceptions for when a court should raise *sua sponte* an affirmative defense of *res judicata*— when the defense arises out of the court's own earlier judgment, or when "the demands of comity, continuity in the law, and essential justice confront the court and all relevant records are before the court). *See also* 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 4405 (1981).

On April 22, 1996, this Court ordered the Tenants in Civ. No. 295/89, of which the current Plaintiff was a party, to "advise this court of the status of their counterclaims within twenty (20) days of the date of this Order, failing which, said counterclaims will be dismissed for lack of prosecution." At that time, there had been no appearance or correspondence by the Tenants with this Court for over seventeen months. The Tenants, including Plaintiff, failed to respond to the Court's Order. Martin brought her Motion to Dismiss more than nine months after the Order, specifying the Tenants' failure to comply with the Court's Order and failure to prosecute their counterclaims. Accordingly, due to twenty-six months of inactivity on the part of the Tenants, including their failure to respond to the court's notice that their claims would be dismissed, this Court granted Martin's motion to dismiss the Tenants' claims for lack of prosecution, with prejudice. Therefore, this Court's involuntary dismissal of the Tenants' claims, with prejudice, pursuant to Rule 41(b), operates as an adjudication upon the merits, and precludes Plaintiff's present claims under the doctrine of *res judicata*.

### Res Judicata

Briefly stated, under the doctrine of *res judicata*, an "adjudication upon the merits" acts as a bar to a subsequent action between the parties on the same claim. *See Bank of Nova Scotia v. Bloch*, 19 V.I. 45 (D.V.I. 1982), *aff'd*, 707 F.2d 1388 (3d Cir. 1988). In clarifying this legal principle, the District Court of the Virgin Islands stated "a final judgment, rendered upon the merits, without fraud or collusion, by a court which had jurisdiction over both the parties and the subject matter, is conclusive in a subsequent action between the parties or their privies based upon the same cause of action." *Id.* at 51.

The doctrine consists of two preclusion concepts: claim preclusion, and issue preclusion or collateral estoppel. *See Boyd-Richards v. Massac*, 35 V.I. 62 (Terr. Ct. 1996). Claim preclusion arises after a judgment on the merits in a prior suit, and bars a subsequent suit involving the same parties based on the same cause of action. *Id.* Whereas, issue preclusion or collateral estoppel, involves a subsequent suit upon a different cause of action, and precludes relitigation of "issues actually litigated and necessary to the outcome of the first suit." *Id.* Subsequent suits involving claims dismissed under Rule 41(b), operating as an adjudication upon the merits, are limited to claim preclusion

133

because there was never any prior litigation of the issues. *See* 18 Wright, Miller & Cooper, *supra* note 5, at § 4440.

■ In the Court's determination of whether two actions are identical for the purpose of claim preclusion, the relevant criteria include: "whether the wrong for which redress is sought is the same in both actions; whether the theory of recovery is the same; whether witnesses and documents necessary at trial are the same; and whether the material facts alleged are the same." *Boyd-Richards*, 31 V.I. at 66 (citing *O'Leary v. Liberty Mutual Insurance Co.*, 923 F.2d 1062, 1065 (3d Cir. 1991)). This case and the counterclaims in the prior case, Civ. No. 295/89, are based upon the same cause of action and involve the same issues.

The Plaintiff's counterclaims in Civil Number 295/89 were based on Martin's alleged breach of an oral contract for the sale of Parcel No. 83-7. Plaintiff, in that action, averred that Martin had made promises to sell the parcel Plaintiff had been leasing if Plaintiff built a residence on it. In reliance on the alleged promises of Martin, Plaintiff expended considerable sums of money to build a residence on the parcel. Plaintiff then claimed that as a result of his construction, Martin's land was "substantially improved and increased in value," and that permitting Martin to retain possession would allow Martin to be unjustly enriched.

Accordingly, in that suit Plaintiff sought, *inter alia*, specific performance on the alleged oral contract, or in the alternative, the establishment of a constructive trust, the imposition of an equitable lien, or restitution for Martin's unjust enrichment. In his prayer for relief, Plaintiff specifically requested, among other things, "that [Martin] be ordered to convey to [Plaintiff] the real property occupied ... [or] that [Martin] be ordered to restore to [Plaintiff] the cash value of any and all improvements to the land."

Likewise, in this present action for restitution for unjust enrichment, Plaintiff again alleges that Martin made oral promises to sell him Parcel No. 83-7. Plaintiff also again alleges that as a result of Martin's oral promises, he "spent large sums of money and time to make a house on the land." Based on these allegations, Plaintiff is seeking either specific performance, or restitution for Martin's unjust enrichment. Additionally, just as Plaintiff did in Civ. No. 295/89, he again prays "for Judgment in an amount equal to the fair market value of the dwelling located at Smith Bay 83-7 ... [or] compelling Defendants to sell the land located at Smith Bay 83-7 ... to Plaintiff at a reasonable and fair price."

It is obvious that the present lawsuit not only fits the *Boyd-Richards'* claim preclusion criteria, but also, when compared with Civ. No. 295/89, the allegations and prayers for relief are almost verbatim. An examination of the allegations contained in the counterclaims in Civ. No. 295/89 and those in the present Complaint shows that the material facts are the same in both cases. The perceived wrong in both suits stems from Martin's alleged oral contract with Plaintiff and Plaintiff's reliance on such. Moreover, as noted above, the theories of recovery in both cases include specific performance and restitution for unjust enrichment. In fact, the prayers for relief in both are virtually identical. Furthermore, it appears as though Plaintiff would need the same documents and witnesses in the present action as would have been necessary in the first to corroborate his allegations regarding the oral contract, his reliance on such, the value of the parcel, and the value of his improvements on the parcel. As such, the present action involves claim preclusion.

In order for claim preclusion to attach, there must have been (1) a valid final judgment on the merits, (2) a prior suit involving the same parties or their privies, and (3) a subsequent suit based on the same claims. *Boyd-Richards*, 35 V.I. at 68 (citing *African International Bank v. Epstein*, 10 F.3d 168, 171 (3d Cir. 1993)). Thus, claim preclusion attaches in the present action because (1) an involuntary dismissal for lack of prosecution pursuant to Rule 41(b), by definition, acts as a valid final judgment on the merits, (2) Civ. No. 295/89 involved the current parties, and (3) as discussed above, the current suit involves the same claims, including the existence of an oral contract, Martin's breach of that contract, and a request for specific performance or restitution. Accordingly, Plaintiff's present claims are precluded and the instant cause of action must be dismissed on the grounds of *res judicata*.[7]

## CONCLUSION

Based on the foregoing, this Court's dismissal of Plaintiff's prior counterclaims in Civ. No. 295/89, pursuant to Rule 41(b), acted as a final

---

[7] Even assuming *arguendo* that the present claims were not precluded, Plaintiff would still have no available remedy. For a thorough discussion on the substantive grounds for denial of Plaintiff's claims for unjust enrichment and specific performance, *see* this Court's Memorandum Opinion of even date in *Martin v. George*, Civil No. 12/99.

adjudication upon the merits. The current suit involves the same parties and the same claims as Civ. No. 295/89. As such, Plaintiff's present claims are barred under the doctrine of *res judicata*. Accordingly, in the interest of judicial economy, this Court will Dismiss, *sua sponte*, Plaintiff's claims against Defendant Angela Martin.