Alex **BOJRAB** and Robert E. Hamilton, Jr., Appellants–Plaintiffs Below,

v.

The **JOHN CARR AGENCY,** John Carr, Maria Jackson, Richard L. Barksdale, Jr., a/k/a Roosevelt Starks and Mary Lee Jones, Appellees–Defendants Below.

No. 02A03–9206–CV–164.

Court of Appeals of Indiana, Third District.

Aug. 20, 1992.

Joseph Christoff, Christoff & Christoff, Fort Wayne, for appellants-plaintiffs.

Thomas A. Herr, David R. Steiner, Barrett & McNagny, Fort Wayne, for appellees-defendants.

STATON, Judge.

Alex Bojrab and Robert E. Hamilton, Jr. (collectively referred to as "Bojrab") appeal a grant of Summary Judgment in favor of the John Carr Agency, John Carr, and Maria Jackson (collectively referred to as "Carr"), and the subsequent denial of Bojrab's Motion to Correct Errors. Because we reverse, we address only the issue of whether the trial court erred in granting Carr's motion for summary judgment.

We reverse.

While Alex Bojrab was driving his newly purchased 1988 Pontiac automobile ("1988 Pontiac") on August 12, 1989, he and his passenger, Robert E. Hamilton, Jr., were struck by a car driven by an uninsured motorist. Upon reporting the resulting damages to his insurance company, State Farm Mutual Automobile Insurance Company ("State Farm"), Bojrab was informed that his policy with State Farm did not cover the 1988 Pontiac. On April 17, 1991, Bojrab and State Farm submitted to arbitration the sole issue of whether the 1988 Pontiac was covered under Bojrab's policy of insurance with State Farm ("the arbitration"). Bojrab argued the insurance coverage stemmed from telephone conversations between Bojrab and his insurance agent, Maria Jackson, who was employed at the

John Carr Agency. On May 2, 1991, the arbitrators issued an opinion in which they concluded the 1988 Pontiac was not covered by State Farm insurance at the time of the accident.

On June 3, 1991, Bojrab initiated this lawsuit against Carr for damages allegedly suffered by Carr's negligent failure to procure insurance for Bojrab's 1988 Pontiac.[1] In answering Bojrab's complaint, Carr raised the affirmative defense of res judicata. Carr contended that the arbitration between Bojrab and State Farm established that Bojrab had not sufficiently informed Carr of his desire to obtain insurance coverage for the 1988 Pontiac. Thus, Bojrab was collaterally estopped from litigating Carr's possible negligence in failing to procure the insurance.

Bojrab filed a Motion for Partial Summary Judgment and to Strike Defendant's Pleading, seeking to strike the affirmative defense of res judicata from Carr's answer. Carr filed a Response and a Cross Motion for Summary Judgment. The trial court granted summary judgment in favor of Carr, relying on Carr's affirmative defense of res judicata. Bojrab's subsequent Motion to Correct Errors was denied by the trial court.

A party who moves for summary judgment has the burden of establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. Ind. Trial Rule 56; *ITT Com. Finance Corp. v. Union Bank & Trust* (1988), Ind.App., 528 N.E.2d 1149, 1151. On appeal, we must determine whether the trial court correctly applied the law to the undisputed facts. *Schuamber v. Henderson* (1991), Ind., 579 N.E.2d 452, 454. Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the nonmoving party. *Id.* Absent a genuine issue of material fact, this court will affirm a summary judgment based upon any legal theory supported by the

record. *Hupp v. Hill* (1991), Ind.App., 576 N.E.2d 1320, 1323.

A final judgment arising from an arbitration proceeding is res judicata to subsequent litigation of that matter. *United States Fidelity & Guaranty Co. v. DeFluiter* (1983), Ind.App., 456 N.E.2d 429, 432, *trans. denied.* Res judicata consists of two distinct branches, claim preclusion and issue preclusion. *In re Marriage of Moser* (1984), Ind.App., 469 N.E.2d 762, 765. Carr contends the summary judgment is sustainable by either branch.

"Claim preclusion applies where there has been a final judgment on the merits, which acts as a complete bar to a subsequent action *on the same claim* between the same parties or those in privity with them." *Moser, supra,* (emphasis in original). The test generally applied when determining whether a suit is barred by claim preclusion is "whether identical evidence will support the issues involved in both actions." *Hoffman v. Dunn* (1986), Ind.App., 496 N.E.2d 818, 821.

The arbitration between Bojrab and State Farm involved a contract dispute over whether Bojrab's insurance policy included coverage on the 1988 Pontiac. In the suit between Bojrab and Carr, Bojrab acknowledges there is no insurance coverage but alleges that Carr was negligent in not procuring such coverage or in not informing Bojrab that coverage was not available. Because the two actions do not involve the same claims, we find that claim preclusion does not bar Bojrab's suit against Carr.

The second branch of res judicata, issue preclusion or "collateral estoppel", applies where the causes of action are not the same, but where some fact or question has been determined and adjudicated in the former suit ... and is again put in issue in a subsequent suit between the same parties. In such cases the former

---

1. Conversations between an insurance agent and an insured may impose upon the agent a duty to exercise reasonable care, skill and diligence in effecting insurance for the insured, or notifying the insured if insurance cannot be

obtained. Failure to meet this standard of reasonableness would give rise to a negligence action against the agent. *See, e.g., Town & Country Mutual Insurance Co. v. Savage* (1981), Ind. App., 421 N.E.2d 704, *reh. denied.*

adjudication of the fact or question, if properly presented and relied on, will be held conclusive on the parties in the latter suit.

*Town of Flora v. Indiana Service Corp.* (1944), 222 Ind. 253, 53 N.E.2d 161, 163.

■ Earlier this year, this court established that neither mutuality of estoppel nor identity of parties is required when issue preclusion is sought to be used defensively, as in the present cause. *White v. Allstate Ins. Co.* (1992), Ind.App., 591 N.E.2d 586. Issue preclusion applies where the party seeking estoppel shows the following elements:

1) a final judgment on the merits in a court of competent jurisdiction;

2) identity of the issues; and

3) the party to be estopped was a party or the privy of a party in the prior action.

*Tofany v. NBS Imaging Systems, Inc.* (1992), Ind.App., 597 N.E.2d 23.

■ We find that Carr's argument fails on the second element. In the arbitration proceeding between Bojrab and State Farm, the sole issue was whether Bojrab's insurance policy with State Farm covered the 1988 Pontiac. The arbitrators opined that "the preponderance of the evidence established that [Bojrab] failed to notify Defendant *State Farm Insurance Company* of his desire to have his newly-acquired 1988 Pontiac covered by State Farm Insurance Company ..." Record p. 68 (emphasis added). While acknowledging that conversations between Bojrab and State Farm regarding the 1988 Pontiac may have taken place, the arbitrators concluded the conversations did not meet the essential prerequisites for coverage. However, the arbitrators' opinion was silent on the issue of whether conversations between Bojrab and *Carr* were sufficient to impose upon Carr a duty to procure coverage for the 1988 Pontiac or to inform Bojrab if insurance was unavailable.

■ When there exists some doubt about what was decided in the first action, "the application of collateral estoppel 'is only effective as to facts which were neces-

sary to sustain the judgment.'" *State Farm Mutual Auto Ins. Co. v. Glasgow* (1985), Ind.App., 478 N.E.2d 918, 925, *reh. denied,* (quoting *In re Search Warrant, etc.* (1983), Ind.App., 448 N.E.2d 1089, 1094, *reh. denied* ). The only facts *necessary* to sustain the decision of the arbitrators were those establishing that conversations between Bojrab and State Farm were insufficient to meet the prerequisites for insurance coverage on the 1988 Pontiac. The arbitrators did not need to decide whether these same conversations were sufficient to impose upon Carr a duty to procure insurance for Bojrab or to inform Bojrab that such insurance was not available. Because the parties' respective versions of the contents of these conversations differ, there exists a genuine question of material fact. For the reasons stated above, we find the summary judgment was improper.

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

GARRARD and BARTEAU, JJ., concur.