Wallace R. WEISS, Jr., Appellant–Petitioner,

v.

INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION, DIVISION OF DISABILITY, AGING AND REHABILITATIVE SERVICES, Katherine Davis, in her Official Capacity as Secretary of the Family and Social Services Administration, and Debra M. Wilson, in her Official Capacity as Director of the Division of Disability, Aging and Rehabilitative Services, Appellees–Plaintiffs.

No. 49A05–0002–CV–64.

Court of Appeals of Indiana.

Dec. 28, 2000.

**400**

Milo G. Gray, Jr., Debra J. Dial, Gary W. Ricks, Indiana Protection & Advocacy Services, Indianapolis, Indiana, Attorneys for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, Indiana, Attorneys For Appellees.

## OPINION

BROOK, Judge

### Case Summary

Appellant-petitioner Wallace R. Weiss, Jr. ("Weiss") appeals from the decision of the Indiana Family Social Services Administration ("the FSSA") finding him ineligible for Indiana vocational rehabilitation services. We affirm.[1]

### Issues

Weiss raises two issues for our review, which we restate as follows:

I. whether the FSSA is barred by administrative res judicata from determining Weiss's eligibility for services; and

II. whether the FSSA's decision was arbitrary and capricious.

### Facts and Procedural History

Weiss is a fifty-three-year-old man with a hearing impediment. On September 22, 1993, while present in and a resident of Indiana, Weiss applied to the FSSA for vocational rehabilitation services. On October 28, 1993, the FSSA determined that Weiss was eligible for services because of his disabilities of bilateral hearing loss, adjustment disorder, and depression. Weiss worked with a vocational rehabilitation counselor and developed an Individualized Written Rehabilitation Plan ("IWRP") to identify his vocational goal of becoming a college professor of business and to determine the services necessary to achieve that goal.

Weiss attended Holy Cross College in South Bend, Indiana, and obtained an associate's degree in May 1994. He then took classes at Bethel College. During the spring of 1996, Weiss transferred to Arizona State University, where he took classes toward a bachelor's degree in finance. As provided in Weiss's IWRP, the FSSA provided funding for tuition, books, and supplies at Arizona State University. Such funding may not exceed the maximum allowable costs for Indiana in-state tuition. *See* Indiana Vocational Rehabilitation Services Policy and Procedures Manual, appendix B. After attending Arizona

---

1. We heard oral argument in this cause on September 19, 2000, in Indianapolis.

State for one year, Weiss became eligible for the Arizona in-state tuition rate. In the spring of 1997, Weiss claimed Arizona residency and qualified for the in-state tuition rate, which significantly reduced his costs.

On September 10, 1997, after learning that Weiss had qualified for Arizona in-state tuition, the FSSA notified Weiss that he would need to apply for Arizona vocational rehabilitation services under the comparable benefits rule of the Rehabilitation Act ("the Act"). *See* Rehabilitation Act of 1973, Pub.L. No. 93–112, 87 Stat. 355 (codified as amended at 29 U.S.C. §§ 701–797b (1998)). Weiss requested a hearing, which was held on December 1, 1997. One of the issues raised at the hearing was whether the FSSA correctly relied on the comparable benefits rule when it instructed Weiss to apply for Arizona vocational services. On December 3, 1997, the hearing officer, Constance Brown ("Brown"), found that the FSSA had incorrectly relied on the comparable benefits rule when it advised Weiss to seek services from Arizona. Brown also stated that "Mr. Weiss can rightfully expect to remain a client of Indiana Vocational Rehabilitation Services." Brown did not enter findings on Weiss's residency status. The director of the Division of Disability, Aging, and Rehabilitative Services, Debra Simmons Wilson ("Wilson"), adopted Brown's findings on December 23, 1997.

On January 5, 1998, less than two weeks later, the FSSA sent another letter to Weiss notifying him that he was no longer eligible for Indiana vocational rehabilitation services because he was a resident of Arizona. The FSSA informed Weiss that it would continue to pay for his current school term to allow him the opportunity to apply for Arizona vocational rehabilitation services. Weiss appealed that determination based on his belief that the issue of eligibility had already been decided in the prior hearing, and a hearing was held by Paul A. De Prez ("De Prez") on March 23, 1998. The issue at the second hearing was whether the FSSA had correctly determined that Weiss was no longer eligible for Indiana vocational rehabilitation services because he was no longer a resident of or present in Indiana. On March 25, 1998, De Prez concluded that Weiss was a resident of Arizona and therefore was not eligible for Indiana services. Weiss submitted objections and requested review by the FSSA. On May 14, 1998, Wilson adopted De Prez's findings.

On June 12, 1998, Weiss filed a petition for judicial review in the Marion Superior Court. On January 14, 2000, the court issued its findings of fact, conclusions of law, and judgment, upholding the final agency order. This appeal now ensues.

## Discussion and Decision

Weiss contends that the FSSA's decision finding him ineligible for services was precluded by administrative res judicata. Specifically, he argues that the FSSA had ample opportunity to litigate the issue of eligibility in the first hearing. He also asserts that the decision was arbitrary and capricious. In particular, Weiss contends that he was not informed that he would become ineligible for Indiana vocational rehabilitation benefits if he qualified for in-state tuition rates in Arizona.

In response, the FSSA argues that administrative res judicata does not apply because the two hearings decided different issues. The first hearing was limited to the issue of whether Weiss was required to seek comparable benefits. The second hearing decided the issue of Weiss's eligibility for Indiana vocational rehabilitation services. Thus, argues the FSSA, the issue of eligibility was not litigated in the first hearing, and administrative res judicata does not apply. The FSSA also contends that the decision determining that Weiss was ineligible for services was not arbitrary and capricious. Rather, the FSSA argues that the decision was reasonable because Indiana is not required to provide vocational rehabilitation services to an individual who is not present in or a resident of Indiana.

## Standard of Review

■■■ Proceedings before the FSSA and judicial review thereof are governed by the Administrative Orders and Procedures Act. *See* IND.CODE § 4–21.5. In reviewing an administrative agency's decision, we are limited to a consideration of "whether the decision is supported by substantial evidence, whether it was arbitrary and capricious, and whether it was in contravention of constitutional, statutory, or legal principles." *Indiana Family & Social Servs. Admin. v. Hospitality House of Bedford,* 704 N.E.2d 1050, 1059–60 (Ind.Ct. App.1998) (citation omitted). We neither redetermine the facts found by the agency nor substitute our judgment for that of the agency. *State Bd. of Registration for Prof'l Eng'rs v. Eberenz,* 723 N.E.2d 422, 430 (Ind.2000). Rather, "we read the record in the light most favorable to the administrative proceedings, and we do not disturb the [agency]'s conclusion so long as there is substantial evidence to support that determination." *Regester v. Indiana State Bd. of Nursing,* 703 N.E.2d 147, 151 (Ind.1998).

### I. Administrative Res Judicata [2]

■■■ Weiss asserts that the FSSA's decision finding him ineligible for services is barred by administrative res judicata. In particular, he contends that a prior hearing decided the issue in his favor and that, therefore, the FSSA should have been precluded from re-litigating the issue in the second hearing. When determining whether administrative res judicata (claim preclusion) applies, we examine whether (1) the issues sought to be estopped were within the statutory jurisdiction of the agency; (2) the agency was acting in a judicial capacity; (3) both parties had a fair opportunity to litigate the issues; and (4) the decision of the administrative tribunal could be appealed to a judicial tribunal.

*Watson Rural Water Co. v. Indiana Cities Water Corp.,* 540 N.E.2d 131, 135 (Ind.Ct. App.1989), *trans. denied.* Res judicata precludes relitigation not only of matters conclusively decided in a previous action, but also ones that a party could have litigated. *Wedel v. American Elec. Power Serv. Corp.,* 681 N.E.2d 1122, 1131 (Ind.Ct. App.1997), *trans. denied.* "The test generally applied when determining whether a suit is barred by claim preclusion is 'whether identical evidence will support the issues involved in both actions.'" *Bojrab v. John Carr Agency,* 597 N.E.2d 376, 378 (Ind.Ct.App.1992) (citation omitted). Given the unique nature of administrative proceedings, however, the doctrine of res judicata " 'should be qualified or relaxed to whatever extent is desirable for making it a proper and useful tool for administrative justice.' " *South Bend Fed'n of Teachers v. National Educ. Ass'n—South Bend,* 180 Ind.App. 299, 316, 389 N.E.2d 23, 34 (1979) (quoting 2 K. DAVIS, ADMINISTRATIVE LAW TREATISE §§ 18.01, 18.04).

The issue before the FSSA at the first hearing was whether Weiss was required to apply for vocational rehabilitation services from Arizona under the comparable benefits rule. *See* 34 C.F.R. § 361.53 (1999). The FSSA argued that because Weiss resided in Arizona, he would be required to seek comparable benefits from Arizona. The rule provides:

> (a) The State plan must assure that

> (1) Prior to providing any vocational rehabilitation services to an eligible individual, or to members of the individual's family, except those services listed in paragraph (b) of this section, the State unit shall determine whether comparable services and benefits exist under any other program and whether those services and benefits are available to the individual;

2. Collateral estoppel (issue preclusion) is not applicable in this case as the issue of Weiss's residency was not "necessarily adjudicated" in the first hearing. *See Mendenhall v. City of Indianapolis,* 717 N.E.2d 1218, 1225 (Ind.Ct. App.1999) (stating that "[i]ssue preclusion does not extend to matters which were not expressly adjudicated and can be inferred only by argument"), *trans. denied.*

(2) If comparable services or benefits exist under any other program and are available to the eligible individual at the time needed to achieve the rehabilitation objectives in the individual's IWRP, the State unit shall use those comparable services or benefits to meet, in whole or in part, the cost of vocational rehabilitation services. . . .

. . . .

(b) The following services are exempt from a determination of the availability of comparable services and benefits under paragraph (a) of this section:

(1) Assessment for determining eligibility and priority for services.

(2) Assessment for determining counseling, guidance, and referral services.

(3) Vocational rehabilitation counseling, guidance, and referral services.

(4) Vocational and other training services, such as personal and vocational adjustment training, books . . ., tools, and other training materials. . . .

(5) Placement services.

(6) Rehabilitation technology.

(7) Post-employment services. . . .

34 C.F.R. § 361.53 (1999).

Brown determined that the comparable benefits rule did not apply to other state vocational rehabilitation services units within the federal program. Rather, the rule was limited to the provision of comparable services available to an individual through programs other than a state vocational rehabilitation services office.[3] Furthermore, Brown noted that Weiss's IWRP included counseling and placement services, which are exempt from the comparable services rule. Thus, Brown concluded that Weiss was not required to apply to the Arizona vocational rehabilitation services office for benefits under the comparable benefits rule. Brown did not enter findings on Weiss's residency status.

The issue considered at the second hearing was whether Weiss was *eligible* for Indiana vocational rehabilitation services. Two weeks after the first agency decision became final, the FSSA notified Weiss that he was no longer eligible for services from Indiana because he had become a resident of Arizona. The FSSA argued that it was not required to provide services to individuals who were not present in or residents of Indiana. De Prez concluded that the prior hearing had been limited to the issue of comparable benefits and thus was not determinative of the issue of eligibility. De Prez found that Weiss was a legal resident of the state of Arizona and that based on the federal regulations implementing the Rehabilitation Act, Indiana was not required to provide services to individuals who were not present in or residents of Indiana. Thus, De Prez concluded that Weiss's Arizona residency rendered him ineligible to receive vocational rehabilitation services from the FSSA.

■ We agree with the FSSA's contention that the proceedings determined two distinct issues: the first hearing determined whether the *comparable benefits rule* applied to Weiss, while the second hearing determined whether Weiss was *eligible* for services. As such, De Prez properly concluded that res judicata did not bar the subsequent agency action.

Weiss argues, however, that res judicata does apply because the FSSA *could have raised* the issue of eligibility at the first hearing and neglected to do so. He asserts that the FSSA had sufficient opportunity to raise his eligibility in the first hearing because the FSSA contended that Weiss was required to seek services from Arizona because he was an Arizona

**3.** At oral argument, the FSSA argued that Brown's findings do not expressly exclude comparable services from other programs within Arizona, such as programs provided by Arizona State University. As the scope of the comparable benefits rule is not before us on appeal, we decline to address whether the FSSA may require an individual to seek services from non-vocational rehabilitation programs (such as Arizona State University) outside of Indiana.

resident. Weiss contends that the fact relied on by the FSSA on the issue of comparable benefits, namely, his Arizona residency, prompted the FSSA's subsequent action finding him ineligible for Indiana services. Furthermore, Weiss points out that there was no change in circumstances between the final decision in the first hearing and the agency's notification of termination two weeks later. Thus, the FSSA was aware of Weiss's Arizona residency status and should have raised the issue of eligibility at the first hearing and was precluded from asserting the issue again in an attempt to obtain a more favorable decision.

As noted earlier, a claim is barred when "identical evidence will support the issues involved in both actions." *Bojrab*, 597 N.E.2d at 378. However, the fact of Weiss's Arizona residency is not dispositive of both claims. Here, the FSSA was aware of the facts leading to its conclusion that Weiss was a resident of Arizona prior to the first hearing. However, it did not raise the issue of Weiss's eligibility, but merely advocated the application of the comparable benefits rule. Shortly after the hearing, the FSSA consulted with legal counsel and determined that Weiss was ineligible for Indiana services because he was a resident of Arizona. Under the comparable benefits rule, the FSSA was required to show that other programs could provide comparable services to Weiss. Such a conclusion did not require a determination of Weiss's residency status; rather, it merely required a determination of the services covered by the rule and the programs from which Weiss was required to seek benefits before he could receive Indiana vocational rehabilitation services.

By contrast, approximately one month after the first hearing and in the absence of any change in facts or circumstances, the FSSA notified Weiss that he was no longer eligible for Indiana services because he was a resident of Arizona. The second hearing determined Weiss's eligibility for

Indiana services. At this hearing, the FSSA was required to prove that Weiss was not present in or a resident of Indiana. Consequently, identical evidence does not support both claims. Therefore, De Prez correctly concluded that the second action was not barred. *See Indiana State Highway Comm'n v. Speidel*, 181 Ind.App. 448, 453, 392 N.E.2d 1172, 1175 (1979) (stating that "[w]hile both claims arose from the same incident, each required proof of injury and damages that the other did not require"; thus, claim preclusion not applicable); *cf. Peterson v. Culver Educ. Found.*, 402 N.E.2d 448, 459–60 (Ind.Ct.App.1980) (noting that joinder of claims is permissive rather than mandatory under Indiana Trial Rule 18).

## II. Eligibility Determination

Weiss also contends that the FSSA's decision terminating benefits was arbitrary and capricious. Specifically, he argues that the FSSA violated regulations promulgated pursuant to the Rehabilitation Act because its policy of not providing services "to an individual who is attending an out-of-state school when that person qualifies for the in-state tuition rate" was unwritten. *See* 34 C.F.R. § 361.50 (1999) ("The State plan must assure that the State unit develops and maintains *written* policies covering the nature and scope of each of the vocational rehabilitation services ... and the criteria under which each service is provided." (emphasis added)). Thus, Weiss did not have notice of the policy, and it was impossible for him to determine the limits of the policy because there were no written guidelines for enforcement. He further argues that the policy also violates the Rehabilitation Act in that "[t]he State unit may not establish policies that effectively prohibit the provision of out-of-State services," 34 C.F.R. § 361.50(a)(2), and that the State may not impose a "duration of residence requirement ... that excludes from services any applicant who is present in the State." 34 C.F.R. § 361.42(b)(1). Finally, Weiss contends that the FSSA policy is illogical be-

cause it results in higher costs for the agency as well as the individual receiving benefits.

The FSSA argues that the decision to terminate benefits when an individual is no longer a resident of or present in Indiana is reasonable and is supported by substantial evidence. Specifically, the FSSA asserts that it is not required to provide services to individuals who are not present in or residents of Indiana. The FSSA contends that the regulations requiring that policies be in writing are inapplicable because they do not apply to determinations of eligibility. The FSSA relies on the language of 34 C.F.R. § 361.42(b)(1), which provides that state plans must assure that "[n]o duration of residence requirement is imposed that excludes from service any applicant *who is present in the State.*" (Emphasis added).

 In reviewing an administrative agency's decision, we are limited to a consideration of "whether the decision is supported by substantial evidence, whether it was arbitrary and capricious, and whether it was in contravention of constitutional, statutory, or legal principles." *Hospitality House,* 704 N.E.2d at 1059–60 (citation omitted). "An arbitrary and capricious decision is one which is patently unreasonable. It is made without consideration of the facts and in total disregard of the circumstances and lacks any basis which might lead a reasonable person to the same conclusion." *City of Indianapolis v. Woods,* 703 N.E.2d 1087, 1091 (Ind.Ct.App. 1998), *trans. denied.* Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Davidson v. City of Elkhart,* 696 N.E.2d 58, 61 (Ind.Ct.App.1998), *trans. denied.*

De Prez found that Weiss owned a home in Arizona, resided in Arizona, and declared himself a resident of Arizona on his residency claim to Arizona State University and that, therefore, Weiss was a legal resident of Arizona. De Prez also considered various sections of the Rehabilitation Act. For instance, the Act provides that in order for a state to be eligible for federal funding, the state must have a plan for vocational rehabilitation services that shall

> contain the plans, policies, and methods to be followed in carrying out *the State plan* ... including the results of a comprehensive, *State-wide* assessment of the rehabilitation needs of individuals with severe disabilities *residing within the state* and the *State's* response to the assessment ..., and explanation of the methods by which the *State* will provide vocational rehabilitation programs services to all individuals with disabilities *within the State* who are eligible for such services....

29 U.S.C. § 721 (1992), *amended by* Pub.L. No. 105–220, sec. 404, § 101, 112 Stat. 936, 1119–38 (1998) (emphasis added). De Prez concluded that this section indicates that the intent behind the Act is to provide services to "residents of the state and all those individuals domiciled or present within the state." De Prez also considered sections that provided funding based on population guidelines. *See* 29 U.S.C. §§ 730(a)(1)(A) (state allotments for basic vocational rehabilitation services), 732(e)(1)(A) (client assistance program), 794e(c)(3)(A) (protection and advocacy of individual rights). He concluded that these sections do not

> contemplate or require that Indiana provide vocational rehabilitation services to individuals who are residents of another state when such individuals are not domiciled or present within Indiana. The State plan is supposed to and does address the needs of Indiana residents and those in Indiana; this is the intended paramount interest. The exception, as limited as it is, is the provision of services to Indiana residents by an out-of-state provider. There is no known Indiana law or policy which would require, or even permit, Indiana to provide vocational rehabilitation services to resi-

dents of another state who are present and domiciled in that state.

■ "An interpretation of a statute by an administrative agency charged with the duty of enforcing the statute is entitled to great weight, unless this interpretation would be inconsistent with the statute itself." *LTV Steel Co. v. Griffin*, 730 N.E.2d 1251, 1257 (Ind.2000) (citations omitted). The hearing officer interpreted the provisions of the Act as expressing the intent that individuals must be residents of or present in a state to receive services from that state. Thus, based on the finding that Weiss was a legal resident of Arizona and was not present in Indiana, De Prez concluded that Weiss was not eligible for Indiana vocational rehabilitation services.

■ Based upon our review of the record, we agree. As De Prez concluded, the Rehabilitation Act indicates that states provide vocational rehabilitation services to residents of or individuals present in the state. We cannot say that this interpretation of the Act is patently unreasonable. The state of Indiana has a legitimate interest in limiting its provision of benefits to those present in or legal residents of Indiana, as those individuals contribute to the cost of such services through the payment of Indiana taxes. Federal law does not require states to provide services to individuals who are residents of another state. Thus, Weiss's assertion that requiring individuals to be residents of or present in Indiana is an arbitrary limit on the nature and scope of services in violation of the federal regulations is without merit.

Weiss also asserts that the "resident of or present in" requirement effectively prohibits the provision of out-of-state services. *See* 34 C.F.R. § 361.50(a)(2). We disagree. Had Weiss maintained Indiana residency, the FSSA would have continued to subsidize the costs of his education at Arizona State University. Weiss responds that such a policy is illogical in that the FSSA would incur a greater financial obligation if he did not qualify for in-state tuition and that by qualifying for in-state tuition he is saving the state of Indiana a significant sum.[4] However, Weiss's argument misses the point: the FSSA is not obligated to contribute *any* funds toward his educational expenses as he is not a resident of or present in Indiana.

■ Weiss further contends that he did not have notice that he would lose his benefits if he changed his residency. Weiss's IWRP does not expressly state that he must maintain Indiana residency to remain eligible for services. Nevertheless, "[a]ll persons are charged with the knowledge of the rights and remedies prescribed by statute." *Middleton Motors, Inc. v. Indiana Dep't of State Revenue*, 269 Ind. 282, 285, 380 N.E.2d 79, 81 (1978); *see also Lafayette Tennis Club, Inc. v. C.W. Ellison Builders, Inc.*, 406 N.E.2d 1211, 1217 (Ind.Ct.App.1980) (stating that where an individual asserts a "right based on a particular statute, he is, by law, charged with knowledge of the provisions of that statute"). Thus, as Weiss asserted rights to services under the Rehabilitation Act, he is charged with knowledge of the provisions of the Act. As discussed *supra*, the Rehabilitation Act indicates that states are to provide services to individuals *residing within the state* or *present in the state.* Therefore, we conclude that Weiss was informed that he must maintain his Indiana residency to be eligible for vocational rehabilitation services from Indiana.

■ Finally, Weiss attempts to avoid the conclusion that he is ineligible for Indiana services by arguing that he is a "resident" of Arizona for tuition purposes only and that he has not abandoned his

---

4. A the time of the hearing, Weiss's tuition costs as an out-of-state student at Arizona State were approximately $4,000 per semester. The FSSA provided approximately $1,700 toward those costs. As an in-state student, Weiss's tuition costs were reduced to $970. Thus, the FSSA's costs were reduced by approximately $730.

Indiana residency.[5] Essentially, he contends that he can be a "resident" of two states concurrently. Weiss's argument is unavailing. First, we note that the term "residence" as it is used with regard to the receipt of vocational rehabilitation services is synonymous with "domicile". *See Board of Med. Registration & Examination v. Turner*, 241 Ind. 73, 79, 168 N.E.2d 193, 196 (1960) ("It is the general rule in construing a statute which prescribes residence as a qualification for the enjoyment of a privilege ... that domicile and residence are deemed to be equivalent or synonymous, i.e., that the word residence is deemed to mean domicile."). Domicile is defined as "[a] person's legal home; [t]hat place where a man has his true, fixed, and permanent home and principal establishment, and to which whenever he is absent he has the intention of returning." BLACK'S LAW DICTIONARY 484 (6th ed. 1990) (citation omitted). An individual may only have one domicile at a time; thus, establishing a new domicile terminates the former domicile. *State Election Bd. v. Bayh*, 521 N.E.2d 1313, 1317 (Ind.1988).

 Here, Weiss changed his domicile to Arizona. To establish residency for tuition purposes at Arizona State University, a student must establish an Arizona domicile. *See* Arizona State University, STA 606–01: Residency Reclassification—General Policy, *at* http://www.asu.edu / aad / manuals / sta / sta606–01.html (Mar. 1, 2000) (defining domicile as "a person's true, fixed, and permanent home and place of habitation; ... the place where the student intends to return when leaving without intending to establish domicile elsewhere"). Given the fact that Weiss

qualified for the in-state tuition rate at Arizona State University, he must be domiciled in Arizona. Thus, Weiss is no longer domiciled in Indiana. Consequently, Weiss is not eligible to receive vocational rehabilitation services from the state of Indiana because he is neither present in Indiana nor a resident of Indiana. We conclude that the agency's determination that Weiss was not eligible for benefits was neither arbitrary nor capricious.

Affirmed

NAJAM, J. concurs.

SULLIVAN, J. dissents with opinion.

SULLIVAN, Judge, dissenting

The issue of Indiana eligibility was "necessarily" and "expressly" adjudicated in the December 1, 1997 hearing. See *Mendenhall v. City of Indianapolis* (1999) Ind. App., 717 N.E.2d 1218, *trans. denied.*

The final agency determination made on December 23, 1997, was that Weiss was eligible for Indiana Vocational Rehabilitative services. In its Findings of Fact, the trial court specifically acknowledged this determination. This was almost three months before the second hearing on March 23, 1998, at which the majority concludes the eligibility issue was litigated for the first time.

The December 1997 agency ruling as to Indiana eligibility was made in the full knowledge that Weiss, as an Arizona resident, was the beneficiary of in-state tuition at Arizona State University. Having so determined the matter of eligibility, that decision was *res judicata.* The State may not now successfully claim that Weiss was, as of March 1998, ineligible based upon his Arizona in-state tuition status.

---

5. Weiss contends that the fact that his parents live in Indiana and his children attend college in Indiana satisfies the "present in" Indiana requirement. We disagree. Under the regulations, we conclude that an individual must be *physically* present in Indiana to qualify for services if he is not a resident of Indiana. *See* 34 C.F.R. § 361.42(b)(1) (stating that an individual who is present in the state cannot be

denied services for failing to meet a residency requirement). Thus, an individual who is a resident of Ohio, but physically present in Indiana, could apply for services from Indiana. Likewise, an individual who is physically present in Ohio, but maintains his Indiana residency, can apply for services from Indiana.

I would reverse and remand with instructions to enter judgment for Mr. Weiss.