**INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION, et al., Appellants–Respondents,**

v.

**LEGACY HEALTHCARE, INC., d/b/a New Horizon Developmental Center, Appellee–Petitioner.**

No. 29A04–0103–CV–85.

Court of Appeals of Indiana.

Oct. 10, 2001.

Steve Carter, Attorney General of Indiana, Jon Laramore, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellants.

William E. Wendling, Jr., Campbell Kyle Proffitt, Carmel, IN, Attorney for Appellee.

## OPINION

VAIDIK, Judge

### Case Summary

The Indiana Family & Social Services Administration (FSSA)[1] appeals the trial court's stay of termination of Legacy Healthcare, Inc., d/b/a New Horizon Developmental Center's (New Horizon)[2] Medicaid funding. Because we find that the trial court lacked subject matter jurisdiction, we vacate the trial court's order and dismiss.

### Facts and Procedural History[3]

New Horizon operated an Intermediate Care Facility for the Mentally Retarded

---

1. We note that the Office of Medicaid Policy and Planning (OMPP) is the agency that administers Indiana's Medicaid program within the FSSA. Instead of differentiating between the two agencies, we refer simply to the FSSA throughout this opinion.

2. We acknowledge that New Horizon was operated and owned by Legacy. However, a receiver currently operates the New Horizon facility. For the sake of clarity, we refer only to New Horizon in this case.

3. We hereby deny the Appellant's request for oral argument and the Appellee's Motion to Reconsider our July 6, 2001 order.

(ICF/MR). Medicaid benefits funded the care of New Horizon residents. Indiana may only provide Medicaid benefits to those facilities that have been certified by the Indiana State Department of Health (the Department) to meet Medicaid health and safety rules. Once a facility has been certified, it may enter into a provider agreement with FSSA to participate in the Medicaid program. New Horizon was certified by the Department and had entered into a provider agreement with the FSSA to receive Medicaid funds to operate its facility.

On September 2, 1999, the Department sent a letter to New Horizon indicating that because New Horizon did not meet program standards New Horizon's certification should be canceled effective September 1, 1999. Specifically, the letter stated that:

> [C]ertification for participation in the Medicaid program as an Intermediate Care Facility for the Mentally Retarded should be canceled effective September 1, 1999. This notice will be forwarded to the Office of Medicaid Policy and Planning with a recommendation that they terminate your provider agreement.

Appellant's App. P. 311. In addition, the letter informed New Horizon that in order to preserve its rights for appeal it needed to file a request for review with the Department by September 19, 1999. Appellant's App. P. 312. New Horizon did not file a request for review by the Department regarding its certification decision.

The Department also sent a letter to the FSSA recommending that the FSSA terminate New Horizon's Medicaid provider agreement. On September 9, 1999, the FSSA sent New Horizon a letter in which the FSSA terminated New Horizon's provider agreement. New Horizon appealed the FSSA's termination of the provider agreement.

On January 29, 2000, the FSSA cut off Medicaid payments to New Horizon in keeping with its termination notice of September 9, 1999. On March 24, 2000, New Horizon petitioned the trial court to review the FSSA's termination of New Horizon's provider agreement. In response, the FSSA filed a brief stating that New Horizon had not appealed the Department's decertification decision and that as a result the FSSA had to follow the Department's decertification determination with termination of the provider agreement. The trial court denied New Horizon's petition to review the termination.

The FSSA filed a motion for summary judgment on May 26, 2000. The FSSA argued that it was entitled to judgment as a matter of law regarding the termination of New Horizon's provider agreement because there was no genuine issue of fact regarding whether New Horizon met the certification requirements for participation in the Medicaid program. On August 21, 2000, the Administrative Law Judge (ALJ) granted summary judgment in favor of the FSSA and held that once the Department recommends decertification of a facility, the FSSA must terminate the facility's provider agreement. In addition, the ALJ held that New Horizon's failure to appeal the Department's decertification precluded further review of the certification decision.

Initially, New Horizon petitioned the trial court for a stay of the termination on March 24, 2000. The trial court denied the petition. Again on September 7, 2000, New Horizon requested a stay of the termination from the trial court until it received a full evidentiary hearing.

On January 23, 2001, the trial court granted a stay of the September 9, 1999 termination until a full evidentiary hearing was granted to New Horizon. In part, the trial court stated that the Department had

no authority to decertify and that the FSSA was required to provide New Horizon with a hearing. When granting the stay, the trial court relied in part on its own prior decision in *ISDH v. Legacy Healthcare, Inc., d/b/a New Horizon Dev. Ctr. (New Horizon I).*[4] In *New Horizon I,* the Department challenged the trial court's holding that the Department lacked the authority to decertify ICFs/MR. In granting the stay in this case, the trial court provided the following conclusion which rested in part on conclusions from its own opinion in *New Horizon I.* In particular, the trial court stated:

> The FSSA's argument that it can ignore the clear instruction of that regulation and force New Horizon to appeal the [Department's] September 2, 1999 notice of canceling certification instead of the FSSA's September 9, 1999 termination of the provider agreement directly contradicts Conclusions of Law 10 and 11 of the July 19, 2000 decision of this Court in New Horizon I:
>
> > 10. New Horizon is an intermediate care facility for the mentally retarded. 42 C.F.R. § 431.151(a)(2) allows an appeal by "an intermediate care facility for the mentally retarded (ICF/MR) that is dissatisfied with a State's finding of noncompliance *that has resulted in* the denial, termination, or nonrenewal of its provider agreement." . . . . It is obvious that the regulation contemplates the appeal at the point of actual *impact* of the provider, i.e., when the provider's participation in the program is ended via termination of the provider agreement. That is the role of the FSSA, not [the Department]. A finding of noncompliance with the certification

requirements by [the Department], standing alone, does not end the provider's *participation* in the program.

> > 11. [The Department] suggests that New Horizon is confusing the definition of "participation" by not specifying whether the term refers to decertification or termination of the provider agreement. But New Horizon's position is clear and unambiguous: [the Department] does not have regulatory authority to terminate New Horizon's *participation* in the Medicaid program and force New Horizon to appeal at that point. That is the holding of AP–M–162–98 and it is the intention of 42 C.F.R. § 431.151(a)(2), calling for an appeal when [the Department] finding of noncompliance "has resulted in" termination of the provider agreement, which is the action that terminates the provider's *participation.*

Appellant's App. P. 19–20 (emphases in original). On appeal, this court reversed the trial court's holding in *New Horizon I.* We held that the Department has the authority to decertify ICFs/MR in general and had the authority to decertify New Horizon in particular.

Meanwhile, on December 22, 2000, the FSSA entered final agency action and affirmed the ALJ's August 21, 2000 order. Thereafter, New Horizon filed a petition seeking judicial review of the FSSA's final action in order to avoid default.

The FSSA now appeals from the stay of the termination of New Horizon's Medicaid provider agreement.

### Discussion and Decision

The FSSA argues that the trial court erred by staying the termination of New

---

4. *See Indiana State Dep't of Health v. Legacy Healthcare, Inc., d/b/a New Horizon Dev. Ctr.,* 752 N.E.2d 185 (Ind.Ct.App.2001).

Horizon's Medicaid provider agreement. Specifically, the FSSA contends that the trial court lacked subject matter jurisdiction in the case because there was no final agency action before the trial court. In the alternative, the FSSA asserts that the Department had the authority to decertify New Horizon and the had the authority to terminate New Horizon's provider agreement because the FSSA can only contract with facilities certified by the Department. New Horizon asserts that the trial court had jurisdiction under Indiana Code § 4–21.5–5–2(c) and that the trial court properly granted the stay.

The FSSA contends that the trial court lacked subject matter jurisdiction in this case because New Horizon failed to appeal from a final administrative order and failed to exhaust its administrative remedies. The lack of subject matter jurisdiction can be raised at any time. *Albright v. Pyle*, 637 N.E.2d 1360, 1363 (Ind. Ct.App.1994). Furthermore, it has long been Indiana law that a claimant with an available administrative remedy must pursue that remedy before being allowed access to the courts. *Turner v. City of Evansville*, 740 N.E.2d 860, 861 (Ind.2001). If a party fails to exhaust administrative remedies, the trial court lacks subject matter jurisdiction. *Id.* A person is entitled to judicial review of a nonfinal agency action only if the person establishes that there is immediate and irreparable harm and that there is no adequate remedy at law. Ind.Code § 4–21.5–5–2(c).

Here, New Horizon petitioned the trial court for a stay of the FSSA's termination before a final order was entered by the administrative agency. The trial court held that New Horizon established irreparable harm and that no adequate remedy existed at law. New Horizon argues that it will suffer irreparable harm financially because of the termi-

nation of its provider agreement. However, mere economic injury is insufficient to establish irreparable harm. *Scales v. Hospitality House of Bedford*, 593 N.E.2d 1283, 1286 (Ind.Ct.App.1992), *trans. denied.* Threatened business failure is not the sort of irreparable injury against which equity protects. *Indiana State Dep't of Welfare, Medicaid Div. v. Stagner*, 410 N.E.2d 1348, 1353 (Ind.Ct.App.1980). "Mere injuries, however, substantial in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Id.* (quoting *Virginia Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 925 (D.C.Cir. 1958)). Thus, the financial injury claimed by New Horizon is insufficient to establish the irreparable harm needed in order to review nonfinal agency action.

In addition, New Horizon contends that the termination will irreparably harm the fragile residents of the New Horizon facility. However, we find that New Horizon has been replaced by a receiver in the operation of the facility. Under the receiver the facility continues to be operational and to provide care for the residents. Therefore, there is no irreparable harm to the residents. Thus, we find that this argument fails.

Furthermore, judicial review of the final agency action may be obtained by New Horizon. In fact, New Horizon has filed a petition seeking judicial review of the final action entered by the FSSA on December 22, 2000. The trial court's order in this case disrupted the administrative process by addressing the same issues raised in the administrative arena.

Because there was no irreparable harm and the trial court's order disrupted the administrative process, the trial court lacked subject matter jurisdiction to address the merits of New Horizon's petition. When there is a lack of subject matter jurisdiction, the court is without jurisdiction to do anything in the case except to enter an order of dismissal. *Albright v. Pyle*, 637 N.E.2d 1360, 1364 (Ind.Ct.App. 1994) (quoting *Gorman v. Northeastern REMC*, 594 N.E.2d 843, 845 (Ind.Ct.App. 1992), *opinion clarified on denial of reh'g* 597 N.E.2d 366, *trans. denied* ). The trial court was without jurisdiction to grant the stay. Therefore, the stay is void and we vacate the trial court's order and dismiss.

Judgment dismissed.

ROBB, J., and BROOK, J., concur.